Judy WHITAKER and John Davis,
Appellants–Plaintiffs,

v.

TOWN OF CLOVERDALE TOWN
COUNCIL, Appellee–
Defendant.

No. 67A01–0804–CV–166.

Court of Appeals of Indiana.

March 17, 2009.

Betty M. Harrington, Danville, IN, Attorney for Appellant.

Bryan Lee Ciyou, Ciyou & Dixon, Indianapolis, IN, Attorney for Appellee.

## OPINION

BROWN, Judge.

Judy Whitaker and John Davis ("Appellants") appeal the trial court's denial of their second verified petition for contempt against the Town of Cloverdale Town Council ("Town Council"). The Appellants raise two issues, which we consolidate and restate as whether the trial court abused its discretion by not holding the Town Council in contempt. We affirm.

The relevant facts follow. The Appellants were members of the Town Council along with Don Sublett, Dennis Pageant, and Glen Vickroy. On December 27, 2005, the Appellants filed a verified complaint for declaratory judgment and request for permanent injunction alleging that, at a meeting on November 17, 2005, to discuss pending litigation between the Town of Cloverdale and a third party, Sublett, Pageant, and Vickroy moved to dismiss themselves from the litigation. The Appellants also alleged that Sublett, Pageant, and Vickroy signed an engagement letter to have a law firm represent the Town Council in the litigation knowing that the Town Council did not have funds budgeted to cover the expense. The Appellants sought a declaratory judgment that Sublett, Pageant, and Vickroy's actions violated Indiana's Open Door Law and also sought an injunction against further violations of the Open Door Law.[1]

On February 16, 2007, after mediation, the Appellants and the Town Council signed a settlement agreement, which provided:

1. All members of the [Town Council] will abide by all laws of the State of Indiana relating to municipal law and their positions as members of the Town Council including, but not limited to, the Open Door and Open Access laws.

2. No member of the Town Council will represent in any way that he/she has the authority to act on behalf of the Town Council unless a vote has been taken at a properly noticed and public meeting which authorizes such action.

3. All Town Council members will attend a training seminar/workshop for Town Board/Council members as soon as practicable.

---

1. The purpose of Indiana's Open Door Law is to ensure that the "official action of public agencies" is conducted openly so that the general public may be fully informed. *City of Gary v. McCrady*, 851 N.E.2d 359, 365 (Ind. Ct.App.2006); Ind.Code § 5–14–1.5–1.

4. [Appellants] and [the Town Council] will file an Agreed Entry and Joint Dismissal with prejudice which incorporates the terms of this Agreement within thirty (30) days of this Agreement being accepted by a vote of the Town Council.

Appellant's Appendix at 37. At a meeting on February 22, 2007, the Town Council approved the settlement agreement, and, on March 12, 2007, the parties filed a joint stipulation of dismissal incorporating the agreement. The trial court dismissed the cause with prejudice on March 20, 2007.

On May 2, 2007, the Appellants filed a verified petition for contempt and to enforce the mediated settlement agreement alleging that Sublett had again violated Indiana's Open Door Law as well as the settlement agreement by attempting to cancel the purchase of some 800 MHz radios previously authorized by the Town Council. On May 14, 2007, the Town Council filed a motion to dismiss the petition for contempt for failure to state a claim. On July 10, 2007, after a hearing, the trial court denied the Town Council's motion to dismiss but ruled in favor of Sublett and the Town Council.

On October 23, 2007, the Appellants filed a second verified petition for contempt alleging that Sublett and the Town Council had again violated the Open Door Law and the settlement agreement with respect to: (1) the sale of certain fire trucks owned by the Town of Cloverdale; (2) Sublett's request that the Indiana Department of Environmental Management allow some of the Town of Cloverdale's sewer credits to be applied to an ethanol plant; and (3) Sublett's signing of a certain grant application. After a hearing on March 6, 2008, the trial court denied the Appellants' mo-

tion for contempt and dismissed the cause with prejudice.

■ The issue is whether the trial court abused its discretion by not holding the Town Council in contempt. Ind.Code § 34–47–3–1 provides:

A person who is guilty of any willful disobedience of any process, or any order lawfully issued:

(1) by any court of record, or by the proper officer of the court;

(2) under the authority of law, or the direction of the court; and

(3) after the process or order has been served upon the person;

is guilty of an indirect contempt of the court that issued the process or order.

Consistent with this statutory provision, Indiana courts have long held that "[i]ndirect contempt is the willful disobedience of any lawfully entered court order of which the offender has notice."[2] *City of Gary v. Major,* 822 N.E.2d 165, 169 (Ind.2005).

■ To be held in contempt for failure to follow the court's order, a party must have willfully disobeyed the court order. *Id.* at 170 (citing *Ind. High Sch. Athletic Ass'n v. Martin,* 765 N.E.2d 1238, 1241 (Ind.2002)). The order must have been so clear and certain that there could be no question as to what the party must do, or not do, and so there could be no question regarding whether the order is violated. *Id.* A party may not be held in contempt for failing to comply with an ambiguous or indefinite order. *Id.* Otherwise, a party could be held in contempt for obeying an ambiguous order in good faith. *Id.* The determination of whether a party is in contempt of court is a matter left to the discretion of the trial court. *Id.* at 171. We will reverse a trial court's finding of contempt only if there is no evidence or

---

**2.** Direct contempt, on the other hand, involves actions in the presence of the court, such that the court has personal knowledge of

them. *Pryor v. Bostwick,* 818 N.E.2d 6, 12 (Ind.Ct.App.2004). Direct contempt is not at issue in this case.

inference therefrom to support the finding. *Id.*

Here, the Appellants argue that the Town Council should be held in contempt because it "acted in willful disregard" of the settlement agreement on several occasions since the parties signed the agreement. Appellant's Brief at 9. The Town Council responds that the settlement agreement did not constitute a court order and could not form the basis of a finding of contempt.[3] We agree with the Town Council.

The Appellants argue that the trial court's March 20, 2007 order granting the parties' joint stipulation of dismissal serves as the requisite court order because it granted the parties' joint motion to dismiss, and the joint motion to dismiss incorporated the settlement agreement. The Appellants argue that, because the joint motion to dismiss incorporated the settlement agreement, the "[settlement agreement] was thus an order of the trial court." Appellant's Reply Brief at 3.

The trial court's March 20, 2007 order of dismissal recites: "The Court, having read the Joint Stipulation of Dismissal with Prejudice and being duly advised, now grants said Motion and Orders the case dismissed with prejudice." Ap-

pellant's Appendix at 43. We interpret this order as simply granting the parties' motion to dismiss with prejudice, and not as an order itself enjoining the Town Council from violating the Open Door Law. Moreover, the trial court did not incorporate the terms of the settlement agreement in its order. To support a finding of contempt, a court order must be "so clear and certain that there could be no question as to what the party must do, or not do, and so there could be no question regarding whether the order is violated." *City of Gary*, 822 N.E.2d at 170. We cannot say that the March 20, 2007 order of dismissal clearly enjoins the Town Council from violating the Open Door Law or supports a finding of contempt in this case. Accordingly, the trial court did not abuse its discretion when it denied the Appellants' second verified petition for contempt.[4]

For the foregoing reasons, we affirm the trial court's denial of the Appellant's second verified petition for contempt.

Affirmed.

ROBB, J. and CRONE, J. concur.

---

3. The Appellants argue that the Town Council has waived this argument because its motion to dismiss the first petition for contempt filed by the Appellants made the same argument and the trial court denied the motion to dismiss. The Appellants argue that the Town Council waived the argument by not appealing the denial of that motion to dismiss. We must reject the Appellants' argument of waiver. Although the trial court denied the Town Council's motion to dismiss, it did not hold that the settlement agreement was a court order or make any findings relevant to this appeal. *See* Appellant's Appendix at 66.

4. The Appellants also take issue with the trial court's sua sponte dismissal with prejudice at the conclusion of the second contempt hear-

ing. They argue that "the trial court lacks the power to alter an order it is asked to enforce" and "it follows that the trial court lacked the authority to void the [settlement agreement] through dismissal of the case with prejudice." Appellant's Brief at 12. The Appellants cite no relevant authority for the proposition that the dismissal with prejudice of the second contempt petition somehow altered or voided the settlement agreement. "A party generally waives any issue for which it fails to develop a cogent argument or support with adequate citation to authority and portions of the record." *Carter v. Indianapolis Power & Light Co.*, 837 N.E.2d 509, 514 (Ind.Ct.App.2005), *reh'g denied, trans. denied.* Consequently, this issue is waived.