## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Aug 23 2016, 9:33 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

APPELLANT PRO SE

Jose Menendez
Fishers, Indiana

ATTORNEYS FOR APPELLEE

Greg Taylor
Megan Urban
Jason Taylor
Taylor Law, PLLC
Louisville, Kentucky

IN THE
# COURT OF APPEALS OF INDIANA

Jose Menendez,

*Appellant-Defendant,*

v.

CACH, LLC,

*Appellee-Plaintiff.*

August 23, 2016

Court of Appeals Case No.
29A02-1511-CC-2026

Appeal from the Hamilton
Superior Court

The Honorable David K. Najjar,
Magistrate

The Honorable Steven R. Nation,
Judge

Trial Court Cause No.
29D01-1407-CC-6967

**Vaidik, Chief Judge.**

# Case Summary

Jose Menendez appeals the trial court's grant of summary judgment in favor of CACH, LLC on its complaint for collection of credit-card debt. CACH alleged that Menendez owed $13,815.13 to Bank of America and that CACH was the assignee of that debt. Menendez, pro se, contends that the evidence CACH designated to prove that he owed $13,815.13 was inadmissible and, therefore, should not have been considered by the trial court at summary judgment. We agree. Among other things, CACH attempted to use the affidavit of its own employee to provide an evidentiary foundation for admitting records prepared by Bank of America. However, a witness cannot lay the proper foundation to admit the records of a business other than his or her own employer because he or she will lack the personal knowledge required to ensure reliability. We therefore reverse the trial court's grant of summary judgment in favor of CACH and remand for further proceedings.

# Facts and Procedural History

On July 21, 2014, CACH filed a complaint against Menendez alleging that Menendez had defaulted on $13,815.13 in credit-card debt owed to MBNA America, N.A.,[1] that CACH was the assignee of the debt, and that CACH was

---

[1] Menendez opened the credit card with MBNA. MBNA became FIA Card Services, N.A. FIA Card Services merged into BANA, which is a wholly-owned subsidiary of Bank of America. As a result of the name changes and mergers, different documents refer to MBNA, FIA, BANA, and Bank of America. We

entitled to judgment for $13,815.13. CACH also sought judgment for interest and costs.

[3] In February 2015, CACH moved for summary judgment. CACH designated as evidence several credit-card statements for Menendez; the bill of sale and assignment of loans that transferred ownership of multiple loans to CACH; "Schedule 1," which is a printout of a portion of the record supplied to CACH by Bank of America that contains Menendez's credit-card information, including his name, address, social-security number, and balance due; and an affidavit. The affidavit CACH submitted was executed by Signe Espinoza, an agent and records custodian for CACH, and it provides, in pertinent part:

> 1. I have reviewed the books and records of Plaintiff and am familiar with the account of JOSE M MENENDEZ (the "Defendant"). Plaintiff's books and records contain account records and information of the account referenced below provided to Plaintiff by the Original Creditor referenced below or its assignee. The records are kept in the ordinary course of a regularly conducted business activity and are made either by a person having personal knowledge of the information contained therein or based on information conveyed by a person having personal knowledge of the information contained therein, and I know from my experience in reviewing such records and from common knowledge of how credit cards work that those records are made and maintained by individuals who have a business duty to make entries in the records accurately at or near the time of the event that they record.

will use the names MBNA and Bank of America throughout the opinion, but there is only one credit card—the multiple bank names are merely the result of transfers in ownership.

* * * * *

3. The business records furnished to Plaintiff show that Defendant opened a credit card account with [Bank of America] ("Original Creditor") bearing account number XXXX-XXXX-XXXX-9092 (the "Account"). The last payment was posted to the account on April 25, 2011 in the amount of $25.00.

* * * * *

7. There is now due and payable from the Defendant the sum of $13,815.13 in addition to costs.

In his summary judgment response and at the summary judgment hearing, Menendez argued that the evidence CACH designated would not be admissible at trial and, therefore, should not be considered at summary judgment. After oral argument, the trial court entered summary judgment for CACH. Menendez now appeals.

# Discussion and Decision

Menendez contends that the trial court erred in granting summary judgment to CACH. We review an order granting summary judgment de novo. *Williams v. Tharp*, 914 N.E.2d 756, 761 (Ind. 2009). Summary judgment is appropriate if there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law. Ind. Trial Rule 56(C). The party moving for summary judgment bears the burden of making a prima facie showing that it is appropriate. *Dreaded, Inc. v. St. Paul Guardian Ins. Co.*, 904 N.E.2d 1267, 1270 (Ind. 2009).

[6]     In this case, CACH needed to show that (1) Menendez owed $13,815.13 to Bank of America and (2) CACH was the assignee of that debt. *See Seth v. Midland Funding, LLC*, 997 N.E.2d 1139, 1140 (Ind. Ct. App. 2013). The dispositive issue in this case is whether CACH designated sufficient evidence to show the first element, that is, whether Menendez owed Bank of America $13,815.13. CACH designated three pieces of evidence to prove this element: (1) credit-card statements, (2) Schedule 1, and (3) Espinoza's affidavit.

[7]     Menendez, however, argues that these three pieces of evidence would not have been admissible at trial; therefore, the trial court's grant of summary judgment was improper. We agree. In ruling on a motion for summary judgment, the trial court will consider only properly designated evidence that would be admissible at trial. *Kronmiller v. Wangberg*, 665 N.E.2d 624, 627 (Ind. Ct. App. 1996), *trans. denied*. Unsworn statements and unverified exhibits do not qualify as proper Rule 56 evidence. *Auto-Owners Ins. Co. v. Bill Gaddis Chrysler Dodge, Inc.*, 973 N.E.2d 1179, 1182 (Ind. Ct. App. 2012), *trans. denied*.

[8]     The first two pieces of evidence, the credit-card statements and Schedule 1, were unsworn and unverified records prepared by Bank of America. In order to admit these two pieces of evidence as business records at trial, CACH would have needed an affidavit or testimony from a Bank of America employee stating that the records were prepared at or near the time of the transactions by, or from information transmitted by, someone with knowledge of the transaction; that the records were kept in the course of a regularly conducted activity of the

business; and that making the records was a regular practice of that activity.[2] *See* Ind. Evidence Rule 803(6). The affidavit of CACH's own employee would have been insufficient to admit the credit-card statements or Schedule 1 at trial. *Speybroeck v. State*, 875 N.E.2d 813, 821 (Ind. Ct. App. 2007) ("a business could not lay the proper foundation to admit the records of another business because the requesting business lacked the personal knowledge required to ensure reliability").

[9] The Espinoza affidavit would also have been inadmissible at trial for the purpose of establishing the debt Menendez owed to Bank of America. Indiana Trial Rule 56(E) requires that "[s]upporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein." The requirements of T.R. 56(E) are mandatory. *City of Gary v. McCrady*, 851 N.E.2d 359, 363 (Ind. Ct. App. 2006). A court considering a motion for summary judgment must disregard information contained in supporting or opposing affidavits that would not be admissible at trial. *See id.* Nothing in the record establishes that Espinoza had personal knowledge of the transactions between Menendez and Bank of America. Espinoza's affidavit is based on her reading of what Bank of America's records

---

[2] CACH included an affidavit from a Bank of America employee in the Appellee's Appendix. However, according to CACH's response to Menendez's motion to strike this affidavit, it was not designated to the trial court. We do not consider evidence on appeal that was not properly designated to the trial court. *P.R. Mallory & Co. v. Am. Cas. Co. of Reading, Pa.*, 920 N.E.2d 736, 755 (Ind. Ct. App. 2010), *trans. denied.*

indicate, not her personal knowledge. Appellee's App. p. 53. Therefore, to the extent that Espinoza's affidavit must be relied upon to establish Menendez's underlying debt to Bank of America, it would be inadmissible at trial.[3]

[10] There being no properly designated evidence that would be admissible at trial to prove that Menendez owed the original credit-card debt of $13,815.13, CACH was not entitled to summary judgment.

[11] We reverse and remand for further proceedings.

Baker, J., and Najam, J., concur.

---

[3] CACH asserts that Espinoza's affidavit is admissible to prove the original debt because "the Plaintiff has integrated the original creditor's record into its own and relies on it in collecting the debt." Appellee's Br. p. 13. CACH provides no citation for this assertion. It is well settled that we will not consider an assertion on appeal when the party has not presented a cogent argument supported by authority and references to the record as required by the rules. *Thacker v. Wentzel*, 797 N.E.2d 342, 345 (Ind. Ct. App. 2003). We are aware that some federal circuits have allowed authentication of third-party business records under Federal Rule of Evidence 803(6). However, CACH does not argue that Indiana Rule of Evidence 803(6) should be interpreted the same way or that Espinoza's affidavit would be sufficient if we did adopt this interpretation of the rule.