Diana **MEYER**, Appellant–Defendant,

v.

**NATIONAL CITY BANK,**
Appellee–Plaintiff.

No. 44A03–0808–CV–391.

Court of Appeals of Indiana.

March 31, 2009.

Diana Meyer, Hudson, IN, Appellant pro se.

Nicholas K. Rohner, Cincinnati, OH, Attorney for Appellee.

## OPINION

HOFFMAN, Senior Judge.

Defendant–Appellant Diana Meyer appeals the trial court's grant of summary judgment in favor of Plaintiff–Appellee National City Bank.

We affirm.

Meyer presents three issues for our review, which we consolidate and restate as two:

I. Whether the trial court erred in granting summary judgment for National City Bank.

II. Whether Weltman Weinberg & Reis Co., L.P.A. properly represents National City Bank in this action.

In January 2007, National City Bank filed a complaint against Meyer to recover $20,817.47 that was due and owing on a credit card issued by National City Bank. In February 2007, Meyer filed a motion for summary judgment, and in March 2008, she filed a motion for dismissal. National City Bank filed a motion for summary judgment in May 2008, and in July 2008, the trial court granted National City Bank's motion and denied both of Meyer's motions. This appeal ensued.

Meyer first contends that the trial court erred by granting summary judgment in favor of National City Bank. Particularly, she asserts that National City Bank was not entitled to summary judgment because it did not provide evidence of a signed contract and, secondly, because it did not provide a complete accounting to prove the balance due on the account. We will address each argument in turn.

On appeal from a grant of summary judgment, our standard of review is identical to that of the trial court: whether there exists a genuine issue of material fact and whether the moving party is entitled to judgment as a matter of law. *Winchell v. Guy,* 857 N.E.2d 1024, 1026 (Ind. Ct.App.2006); *see also* Ind. Trial Rule 56(C). Appellate review of a summary judgment motion is limited to those materials designated to the trial court. *Pond v. McNellis,* 845 N.E.2d 1043, 1053 (Ind.Ct. App.2006), *trans. denied,* 860 N.E.2d 590. All facts and reasonable inferences drawn therefrom are construed in favor of the non-movant. *Id.* The party appealing the judgment carries the burden of persuading this court that the trial court's decision was erroneous. *Wells v. Auto Owners Ins. Co.,* 864 N.E.2d 356, 358 (Ind.Ct.App. 2007).

■ Meyer claims that National City Bank is not entitled to summary judgment because it did not provide evidence of a signed contract. Meyer is correct that National City Bank did not produce a document signed by Meyer; however, National City Bank did submit other, sufficient evidence to show Meyer's agreement to be

liable for charges incurred on the account. Although we found no published cases in Indiana, we note with approval the determinations of other states that credit card agreements are contracts, and the issuance and use of a credit card creates a legally binding agreement. *See Bank One, Columbus, N.A. v. Palmer*, 63 Ohio App.3d 491, 579 N.E.2d 284, 285 (1989) (*citing Manufacturers & Traders Trust Co. v. Lindauer*, 135 Misc.2d 132, 513 N.Y.S.2d 629, 632 (1987)). Here, included in National City Bank's designation of evidence in support of its motion for summary judgment was a copy of the National City Bank Credit Card Agreement ("Agreement"). The section entitled "Agreement to Terms" provides, in pertinent part: "We have opened the Account at your request. Your signature on an application or acceptance certificate, your acceptance of a telemarketing offer, your retention of the Card or Checks, and/or your use of the Account in any way means you agree to all the terms of this Agreement and you will be obligated by this Agreement unless you cancel the Account and return the Card and Checks before you use them." ¶ 2 of Credit Card Agreement, Appellant's Appendix at 14. Further, the Agreement required Meyer to sign the card in order to use it. *See* ¶ 3 of Credit Card Agreement, Appellant's App. at 14. Accordingly, in lieu of requiring Meyer's signature on a separate contract, the Agreement required Meyer to sign the credit card and stated that any use of the card by Meyer indicates her consent to the terms of the Agreement. Moreover, the Agreement expressly stated that it became binding on Meyer upon her use of the account, not upon her signature to the Agreement. *See, e.g., Weldon v. Asset Acceptance, L.L.C.*, 896 N.E.2d 1181, 1187 (Ind.Ct.App. 2008) (noting that although debtor's signature does not appear on written credit card agreement, his assent to the terms of the agreement was implied from his conduct of using credit card). Meyer, on the other hand, offered no evidence to create a genuine issue of material fact as to whether she was contractually bound on the account.

■ Meyer also submits that the trial court should not have granted summary judgment in favor of National City Bank because National City Bank did not provide a complete history of transactions on the credit card account in order to prove the balance due. In support of its motion for summary judgment, National City Bank designated copies of the statement of account for the months ending April 14, 2005 through April 14, 2006. These monthly statements are addressed to Meyer and show charges and payments made to the account during that time period. In addition, National City Bank submitted an affidavit of Jennifer Kasper, an agent of National City Bank who had access to and control over Meyer's account. She verified that the amount due on the account as of January 25, 2007 was $20,817.47 and that Meyer had defaulted on the terms of payment of the account. Meyer neither disputed receiving the account statements nor submitted evidence of filing of timely disputes as required by the Agreement. *See* Credit Card Agreement, Appellant's App. at 13. Meyer tendered no evidence to create a genuine issue of material fact regarding the balance due on the account. Thus, there being no genuine issue of material fact as to Meyer's consent to be bound by the Agreement and to the balance due and owing on the account, the trial court did not err in granting summary judgment in favor of National City Bank.

■ The second issue presented by Meyer is the propriety of the representation of National City Bank by Weltman

Weinberg & Reis, Co., L.P.A. Meyer peculiarly asserts that Weltman Weinberg & Reis, Co., L.P.A. has never provided documentation that it represents National City Bank. To the contrary, the CCS (Chronological Case Summary) shows an appearance by attorney for the plaintiff, National City Bank, on January 31, 2007. The CCS lists the attorney for the Plaintiff as Jeannette M. Conrad of Weltman, Weinberg & Reis, Co., L.P.A. Meyer's assertion is simply without merit.

Based upon the foregoing analysis and authorities, we conclude that the trial court properly entered summary judgment in favor of National City Bank. We further conclude that Jeannette M. Conrad of Weltman, Weinberg & Reis, Co., L.P.A. was the attorney of record for National City Bank, as reflected in the CCS of the trial court.

Affirmed.

BAKER, C.J., and BRADFORD, J., concur.