# FOR PUBLICATION



**FILED**
Nov 08 2013, 5:28 am

**CLERK**
of the supreme court,
court of appeals and
tax court

APPELLANT PRO SE:

**HITESH SETH**
Muncie, Indiana

ATTORNEYS FOR APPELLEE:

**GLENN S. VICIAN**
**CHRISTOPHER M. MANHART**
Bowman, Heintz, Boscia & Vician, P.C.
Merrillville, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

HITESH SETH, )
)
    Appellant-Defendant, )
)
      vs. )    No. 48A05-1303-CC-110
)
MIDLAND FUNDING, LLC, as an Assignee of )
Columbus Bank and Trust as Issuer of Aspire Visa, )
)
    Appellee-Plaintiff. )

## APPEAL FROM THE MADISON CIRCUIT COURT
The Honorable Dennis D. Carroll, Judge
Cause No. 48C06-1110-CC-1462

**November 8, 2013**

**OPINION - FOR PUBLICATION**

**NAJAM, Judge**

## STATEMENT OF THE CASE

Hitesh Seth appeals the trial court's entry of summary judgment in favor of Midland Funding, LLC ("Midland") on Midland's complaint against Seth for nonpayment of credit card debt. Seth presents a single dispositive issue for our review, namely, whether the trial court erred when it concluded that Midland had satisfied its burden of proof under Trial Rule 56(C).

We reverse and remand.

## FACTS AND PROCEDURAL HISTORY

On October 26, 2011, Midland filed a complaint against Seth alleging breach of a credit card contract and seeking damages in the amount of $3,410.87, plus interest and costs. Midland filed an amended complaint on December 5. Midland then moved for summary judgment, which the trial court granted following a hearing. This appeal ensued.

## DISCUSSION AND DECISION

Our standard of review for summary judgment appeals is well established:

When reviewing a grant [or denial] of summary judgment, our standard of review is the same as that of the trial court. Considering only those facts that the parties designated to the trial court, we must determine whether there is a "genuine issue as to any material fact" and whether "the moving party is entitled to a judgment as a matter of law." In answering these questions, the reviewing court construes all factual inferences in the non-moving party's favor and resolves all doubts as to the existence of a material issue against the moving party. The moving party bears the burden of making a prima facie showing that there are no genuine issues of material fact and that the movant is entitled to judgment as a matter of law; and once the movant satisfies the burden, the burden then shifts to the non-moving party to designate and produce evidence of facts showing the existence of a genuine issue of material fact.

Dreaded, Inc. v. St. Paul Guardian Ins. Co., 904 N.E.2d 1267, 1269-70 (Ind. 2009) (citations omitted). The party appealing a summary judgment decision has the burden of persuading this court that the grant or denial of summary judgment was erroneous. Knoebel v. Clark County Superior Court No. 1, 901 N.E.2d 529, 531-32 (Ind. Ct. App. 2009).

Seth contends that Midland did not satisfy its burden of making a prima facie showing that there are no genuine issues of material fact and that it is entitled to judgment as a matter of law. In particular, Seth maintains that much of Midland's designated evidence is inadmissible hearsay or otherwise insufficient to support summary judgment. We must agree.

In order to make its prima facie case in support of summary judgment, Midland was required to show that Seth had opened a Visa account with Columbus Bank and Trust, that Midland was the assignee of that debt, and that Seth owed Columbus Bank and Trust the amount alleged in the complaint. Midland's designated evidence consisted of the following: a document entitled "Assignment of Accounts" ("the Assignment") executed by Andrew Carlson of Jefferson Capital Systems, LLC ("Jefferson") and J. Brandon Black of Midland dated September 10, 2007; an affidavit executed by Carlson and dated October 2009[1], which includes an attachment identified as "Schedule 1"; an "Affidavit of Debt" executed by Erin Degel; an uncertified and unsworn nine-page document entitled "Transaction History"; an uncertified and unsworn copy of a credit

---

[1] Seth's contention that Carlson's affidavit is dated 2004 is simply without merit.

3

card statement; an uncertified, unsworn, and largely illegible[2] copy of the terms of the credit card agreement; and an unidentified, uncertified, and unsworn document with no title, but with the words "Field" and "Field Data" typed at the top of the page.

In ruling on a motion for summary judgment, the trial court will consider only properly designated evidence which would be admissible at trial. Kronmiller v. Wangberg, 665 N.E.2d 624, 627 (Ind. Ct. App. 1996), trans. denied. Unsworn statements and unverified exhibits do not qualify as proper Rule 56 evidence. Auto-Owners Ins. Co. v. Bill Gaddis Chrysler Dodge, Inc., 973 N.E.2d 1179, 1182 (Ind. Ct. App. 2012), trans. denied. Thus, here, the two affidavits from Carlson and Degel are the only potentially proper Rule 56 evidence designated by Midland. We agree with Seth that the affidavits are insufficient to support summary judgment.[3]

First, the Carlson affidavit is too vague to support Midland's contentions in support of summary judgment. Carlson's affidavit provides as follows:

> 1. I am the Manager of Portfolio Sales for Jefferson Capital Systems, LLC. I have personal knowledge of the information contained herein and am authorized to make the following statements and representations.
>
> 2. CompuCredit Corporation is the parent corporation to Jefferson Capital Systems, LLC ("Jefferson").
>
> 3. CompuCredit Corporation acquired certain Aspire Visa, Emerge Mastercard and Freedomcard Mastercard credit card accounts issued by Columbus Bank and Trust Company.

---

[2] The font is so small as to make it nearly impossible to read the terms of the agreement.

[3] We reject Seth's contention that Midland is required to prove that he signed an agreement to open a credit card account. See Meyer v. National City Bank, 903 N.E.2d 974, 976 (Ind. Ct. App. 2009) (holding credit card agreements are contracts, and the issuance and use of a credit card creates a legally binding agreement).

4. Once the accounts owned by CompuCredit Corporation are charged-off, the accounts are subsequently transferred and assigned to Jefferson Capital Systems, LLC ("Jefferson").

5. Jefferson subsequently sold many of the accounts to Midland Funding, LLC. The sale was consummated with an Assignment of Accounts. <u>Individual accounts sold would not be specifically itemized in the Assignment document</u>.

6. The initial sale of accounts took place and accounts were transferred on June 7, 2005 from Jefferson to Midland Funding, LLC. Jefferson also sells accounts to Midland Funding, LLC each month.

7. The associated bin (456419) associated [sic] with the Columbus Bank and Trust Company accounts are attached hereto as Schedule 1.

8. All information regarding the credit card accounts is transmitted electronically to the purchasers and is not transmitted in a paper file format. The electronic transmission contains all the accounts that were part of the sale to the purchasers.

Appellant's App. at 20 (emphases added). "Schedule 1," attached to Carlson's affidavit, merely confirms the "BIN" number of the "Aspire VISA Gold" accounts that originated with Columbus Bank. <u>Id.</u> at 21. Nothing in either Carlson's affidavit or in the Schedule 1 document contains Seth's name or account number. In other words, this designated evidence does not show that Midland owns Seth's credit card account, only that it acquired "certain" accounts issued by Columbus Bank. <u>See id.</u> at 20.

Next, Seth maintains that, in her affidavit, Degel

purports to testify to acts and events that allegedly occurred between Seth and Columbus between September 2002 and August 2007. . . . Midland did not attach any evidence that the affiant was ever employed with Columbus or Jefferson, and therefore cannot possibly have personal knowledge of how Columbus' or Jefferson's records were prepared and maintained, and is unqualified to testify as to the truth of the information contained in the Affidavit.

5

Brief of Appellant at 27-28. In short, Seth contends that Degel's affidavit is not based upon personal knowledge, as required by Trial Rule 56(E). But Midland maintains that Degel established an "adequate foundation" for her affidavit when she stated that she is "familiar with the record keeping practices of Midland, . . . has reviewed records kept in the normal course of business, and . . . makes the statements in her affidavit based upon personal knowledge of those account records." Brief of Appellee at 13. We agree with Seth.

>     Degel's affidavit reads in relevant part as follows:
>
>     I, Erin Degel, am an employee of Midland Credit Management, Inc. ("MCM"), servicing agent for plaintiff. I am familiar with the recordkeeping practices of MCM. I have reviewed records kept in the normal course of MCM's business, and <u>make the statements herein based upon personal knowledge of those account records</u> maintained on plaintiff's behalf.
>     SETH/HITESH, Defendant, has an account balance of $3410.87, which is owed to the Plaintiff on account XXXXXXXXXXX4841.
>     The account was opened on 2002-09-23. The last payment posted to the account on 2006-12-22 and the amount is unknown.
>     The type of account is: Credit card account (i.e. Visa, MasterCard, Department Store, etc.)
>     The Plaintiff:
>     Has obtained this debt from JEFFERSON CAPITAL SYSTEMS, LLC and the original creditor of this debt was COLUMBUS BANK AND TRUST.
>     The account balance includes:
>     MCM's records indicate that there are no late fees after 2007-09-10.
>     Interest at a rate of 0.00% beginning on 2010-07-06.
>     The Plaintiff:
>     May be seeking attorney's fees and additional evidence will be presented to the court prior to entry of judgment on attorney's fees, if requested in the Complaint or Notice of Claim.

Appellant's App. at 23 (emphasis added).

Trial Rule 56(E) provides in part that supporting and opposing affidavits on summary judgment shall be made on personal knowledge and shall set forth such facts as

would be admissible in evidence. We agree with Seth that Degel's employment with Midland's servicing agent, MCM, does not establish her personal knowledge of any of the facts pertaining to Midland's complaint against Seth. Indeed, Degel states that she based her affidavit on her "personal knowledge of those account records maintained" by MCM on Midland's behalf. Id. Because her knowledge of the facts is limited to what she has gleaned from her review of unspecified business records, her affidavit is based entirely upon hearsay, in violation of Trial Rule 56(E). See Breining v. Harkness, 872 N.E.2d 155, 158 (Ind. Ct. App. 2007) (holding inadmissible hearsay contained in an affidavit may not be considered in ruling on a summary judgment motion), trans. denied. And, contrary to Midland's contention on appeal, the business records exception, Evidence Rule 803(6), does not apply here because Degel's affidavit does not purport to authenticate any business records, which is the sole function of that exception.

Moreover, Trial Rule 56(E) also requires that a party submitting an affidavit on summary judgment attach "sworn or certified copies not previously self-authenticated of all papers or parts thereof referred to in an affidavit[.]" Because Degel explicitly states that her affidavit is based upon her personal knowledge of facts obtained from business records maintained by Midland, she was required to attach to her affidavit sworn, certified, or self-authenticated copies of any of the business records she relied upon. The requirements of T.R. 56(E) are mandatory; hence, a court considering a motion for summary judgment should disregard inadmissible information contained in supporting or opposing affidavits. City of Gary v. McCrady, 851 N.E.2d 359, 363 (Ind. Ct. App. 2006). But, critically, Degel did not attach to her affidavit any of the records upon which

she purported to rely.  Because Degel's affidavit does not comply with Trial Rule 56(E), we must disregard it.

We hold that Midland has failed as a matter of law to designate evidence to make a prima facie case that it is entitled to summary judgment on its complaint.  Accordingly, the burden of proof did not shift to Seth to show that there exist questions of material fact precluding summary judgment.  We reverse the trial court's entry of summary judgment and remand for further proceedings.

Reversed and remanded.

MATHIAS, J., and BROWN, J., concur.