

FILED
Sep 11 2015, 8:57 am
CLERK
of the supreme court,
court of appeals and
tax court

| | |
|---|---|
| APPELLANT PRO SE | ATTORNEY FOR APPELLEE |
| Gregory Reef | Scott Burns |
| Indianapolis, Indiana | Lloyd & McDaniel, PLC |
| | Louisville, Kentucky |

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Gregory Reef, | September 11, 2015 |
| *Appellant-Defendant,* | Court of Appeals Case No. 49A05-1501-CC-3 |
| v. | |
| Asset Acceptance, LLC, | Appeal from the Marion Circuit Court |
| *Appellee-Plaintiff* | The Honorable Burnett M. Caudill, Judge |
| | Trial Court Cause No. 49D01-1310-CC-39621 |

**Robb, Judge.**

# Case Summary and Issue

[1] Gregory Reef, *pro se*, appeals the trial court's award of summary judgment in favor of Asset Acceptance, LLC. On appeal, Reef contends that the evidence designated by Asset Acceptance was not sufficient to allow the court to enter summary judgment. We conclude that the documents designated by Asset

Acceptance were not properly authenticated and do not entitle it to summary judgment. Therefore, we reverse.

# Facts and Procedural History

On October 29, 2013, Asset Acceptance filed a complaint against Reef, claiming Asset Acceptance was the owner of a credit card debt owed by Reef. Following the exchange of discovery by both parties, Asset Acceptance filed its motion for summary judgment on August 8, 2014. Asset Acceptance designated several documents in support of its motion, including an Affidavit of Debt; a Bill of Sale, Assignment and Assumption Agreement ("Bill of Sale Agreement"); and two credit card statements.

The Affidavit of Debt was provided by "J. Gianuario," who averred he was familiar with the recordkeeping practices of Asset Acceptance. He stated that, according to documents kept in the regular course of business, Asset Acceptance was the owner of a credit card debt Reef originally owed to Citibank (South Dakota), NA ("Citibank"). The Bill of Sale Agreement is one page of a contract between Citibank and Asset Acceptance for the assignment of accounts to Asset Acceptance. Asset Acceptance also designated a spreadsheet document titled "Schedule A," identifying "Gregory R Reef" as having an account balance of $7,021.40 with Citibank. Appellant's Appendix at 24. The credit card statements submitted by Asset Acceptance are between "Citi Cards" and "Gregory R Reef." *See id.* at 19-20.

Reef filed his Opposition to Plaintiff's Motion for Summary Judgment, arguing that "much of Asset Acceptance, LLC's designated evidence is inadmissible hearsay or otherwise insufficient to support summary judgment." *Id.* at 15. Reef did not designate any evidence for the trial court's consideration.

On December 10, 2014, the trial court granted Asset Acceptance's motion for summary judgment. This appeal followed.

# Discussion and Decision

## I. Standard of Review

When reviewing a trial court's ruling on summary judgment, we apply the same standard as the trial court. *Manley v. Sherer*, 992 N.E.2d 670, 673 (Ind. 2013). Summary judgment is appropriate where there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Ind. Trial Rule 56(C). Our review is limited to facts designated to the trial court. *Meredith v. Pence*, 984 N.E.2d 1213, 1218 (Ind. 2013). All factual inferences are made in favor of the non-moving party, and we resolve all doubts as to the existence of an issue of material fact against the moving party. *Manley*, 992 N.E.2d at 673. The appellant has the burden of demonstrating that the summary judgment ruling was erroneous. *Amaya v. Brater*, 981 N.E.2d 1235, 1239 (Ind. Ct. App. 2013), *trans. denied*.

## II.  Summary Judgment

Reef contends that the trial court erred by awarding summary judgment to Asset Acceptance.  He maintains that much of the evidence designated by Asset Acceptance was inadmissible and that the evidence was not sufficient to warrant summary judgment.  In ruling on a motion for summary judgment, the trial court may consider only designated evidence that would be admissible at trial.  *See* Ind. Trial Rule 56(C), (E); *Kronmiller v. Wangberg*, 665 N.E.2d 624, 627 (Ind. Ct. App. 1996), *trans. denied*.

We find merit in Reef's claims that the documents designated as evidence by Asset Acceptance were not properly authenticated.  The sufficiency of an evidentiary foundation is a matter within the discretion of the trial court.  *Nasser v. State*, 646 N.E.2d 673, 676 (Ind. Ct. App. 1995).  "To satisfy the requirement of authenticating or identifying an item of evidence, the proponent must produce evidence sufficient to support a finding that the item is what the proponent claims it is."  Ind. Evidence Rule 901(a).  "Unsworn statements and unverified exhibits do not qualify as proper Rule 56 evidence."  *Smith v. Delta Tau Delta, Inc.*, 9 N.E.3d 154, 159 (Ind. 2014) (citation omitted).

The only sworn statement designated by Asset Acceptance was its Affidavit of Debt.  The remaining exhibits, however, were neither self-authenticating documents under Indiana Evidence Rule 902 nor authenticated by the Affidavit

of Debt or another supporting affidavit.[1]  The exhibits proffered by Asset Acceptance were not authenticated and thus did not qualify as proper evidence supporting summary judgment under Trial Rule 56(C).  Furthermore, the affidavit itself does not comply with Trial Rule 56(E), which requires that "[s]worn or certified copies not previously self-authenticated of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith."

[10]  Reef also complains that the Bill of Sale Agreement and the Schedule A document are unreliable and lack a proper foundation because the documents are heavily redacted, incomplete, and fail to adequately establish that Asset Acceptance owns Reef's debt.  Asset Acceptance essentially shrugs off Reef's argument and notes that Reef does not cite a case supporting his argument.  In fact, this court has previously held that "if a document is relied upon to support a motion for summary judgment, it must be exhibited in full; affidavits as to its substance, effect or interpretation are not sufficient."[2]  *Marich v. Kragulac*, 415 N.E.2d 91, 100 (Ind. Ct. App. 1981), *disapproved of on other grounds by Presbytery of Ohio Valley, Inc. v. OPC, Inc.*, 973 N.E.2d 1099 (Ind. 2012).  We recognize that

---

[1]  The Affidavit of Debt, at most, makes only a vague reference to documents that support its claim to the alleged debt owed by Reef:  "I am familiar with the recordkeeping practices of [Asset Acceptance].  The following representations are true according to documents kept in the normal course of [Asset Acceptance's] business."  Appellant's App. at 22.  Thus, it cannot be said that the Affidavit of Debt acts to authenticate Asset Acceptance's other designated exhibits.

[2]  We also recognize that Indiana Evidence Rule 106 may also support Reef's request that Asset Acceptance provide a more complete version of the Bill of Sale Agreement.  Rule 106 states:  "[i]f a party introduces all or part of a writing or recorded statement, an adverse party may require the introduction, at that time, of any other part—or other writing or recorded statement—that in fairness ought to be considered at the same time."

strict enforcement of such a rule may at times prove impractical, and a trial court's exercise of discretion or the consent of the litigating parties may often result in the designation of partial documents. In this case, however, application of the rule is simple given the apparent incompleteness of the Bill of Sale Agreement and the somewhat dubious nature of the Schedule A document.

[11] The Bill of Sale Agreement designated by Asset Acceptance is only a single page of what seems to be a larger agreement that sold to Asset Acceptance "the Accounts described in Section 1.2 of the Agreement." Appellant's App. at 21. The Bill of Sale Agreement does not specifically reference Reef or his account number, and "Section 1.2 of the Agreement" was not designated as evidence before the trial court. We assume, although Asset Acceptance does not explain on appeal, that the Schedule A document designated by Asset Acceptance is meant to be the relevant segment of Section 1.2. However, based on its format, it looks more like a reproduction of information contained in the original agreement. The date of the Bill of Sale Agreement was "February 24, 2010," but the only date shown on the Schedule A is "04/15/2014." *See* Appellant's App. at 21, 24. There is no perceptible connection between the Schedule A document and the Bill of Sale Agreement. This is especially problematic because no other designated evidence authenticates and explains the significance of the Schedule A document.

[12] In sum, we conclude that an adequate foundation was not laid for the documents designated by Asset Acceptance, and Asset Acceptance's only

designated affidavit did not comply with Trial Rule 56(E).[3]  Consequently,

Asset Acceptance failed to properly designate evidence in support of its motion

for summary judgment, and the trial court's award of summary judgment was

inappropriate.

# Conclusion

[13]   Concluding that summary judgment was entered in error, we reverse.

[14]   Reversed.


May, J., and Mathias, J., concur.

---

[3]  Reef also argues that several of the documents designated by Asset Acceptance are inadmissible hearsay. Specifically, he asserts that those documents created by Citibank cannot be authenticated as business records under Indiana Evidence Rule 803(6) by an employee of Asset Acceptance.  Asset Acceptance cites *Cox v. CA Holding Inc.*, No. 1:13-cv-01754-JMS-TAB, 2015 WL 631393 (S.D. Ind. Feb. 13, 2015) for the proposition that business records created by a third party may be authenticated by the custodian of records for a company relying on those business records as part of its own business.  We do not believe this issue has ever been decided by an Indiana appellate court, although *Williams v. Hittle*, 629 N.E.2d 944 (Ind. Ct. App. 1994), *trans. denied*, may offer some guidance on the issue.