## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Aug 16 2017, 8:34 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

| ATTORNEY FOR APPELLANT | ATTORNEY FOR APPELLEE |
|---|---|
| Eric E. Snouffer<br>Fort Wayne, Indiana | Michael J. Lewinski<br>Ice Miller LLP<br>Indianapolis, Indiana |

# IN THE
# COURT OF APPEALS OF INDIANA

Chapel Ridge Investments, LLC,

*Appellant-Defendant,*

v.

U.S. Bank National Association, As Trustee for the Registered Holders of ML-CFC Commercial Mortgage Trust 2006-4, Commercial Mortgage Pass-Through Certificates, Series 2006-4,

*Appellee-Plaintiff.*

August 16, 2017

Court of Appeals Case No. 02A05-1702-MF-261

Appeal from the Allen Superior Court

The Honorable Nancy E. Boyer, Judge

Trial Court Cause No. 02D01-1608-MF-512

**Bailey, Judge.**

# Case Summary

Chapel Ridge Investments, LLC ("Chapel Ridge") appeals from the grant of summary judgment in favor of U.S. Bank National Association, as Trustee for the Registered Holders of ML-CFC Commercial Mortgage Trust 2006-4, Commercial Mortgage Pass-Through Certificates, Series 2006-4 ("Noteholder").

We affirm in part, reverse in part, and remand.

# Issues

Chapel Ridge presents the following consolidated and restated issues:

    I.      Whether the trial court abused its discretion when it altered a time limit under Trial Rule 56, giving Chapel Ridge additional time to respond but not the full sixty days that Chapel Ridge had sought; and

    II.    Whether the trial court abused its discretion in denying Chapel Ridge's motion to strike, and thereby improvidently granted summary judgment.

# Facts and Procedural History

On August 9, 2016, Noteholder filed a complaint against Chapel Ridge, alleging that Chapel Ridge had failed to pay a matured loan obligation secured

by a mortgage upon commercial property in Fort Wayne.[1]  A series of loan documents ("Loan Documents") were attached to the complaint as exhibits, including a description of the real estate, a loan agreement, a promissory note, a mortgage agreement, and several assignment documents.  Another attached exhibit was an affidavit from Jeff Coupe ("Coupe") (the "First Coupe Affidavit").  Coupe averred that he was an asset manager at C-III Asset Management LLC ("C-III"), which was a special servicer of the loan on behalf of Noteholder.  Coupe further averred that he had "personal knowledge of the types of records that C-III acquires and maintains in the ordinary course of business and of documents regarding C-III's authority to act on behalf of Noteholder."  Appellant's App. Vol. II at 116.  Coupe also averred that each of the Loan Documents was a "true, correct, and authentic copy."  *Id.* at 116-17.

[5]  Chapel Ridge filed its answer on September 29, 2016, and Noteholder filed a motion for summary judgment on November 7, 2016.  Attached to the motion was a second affidavit from Coupe (the "Second Coupe Affidavit"), as was an affidavit concerning attorney fees (the "Attorney Fee Affidavit").  These affidavits were designated in support of the motion.  Noteholder also designated the First Coupe Affidavit and the Loan Documents, among other documents.  A hearing on the motion was set for January 5, 2017.

---

[1] Noteholder also sought appointment of a receiver, and a receiver was subsequently appointed.

[6] On December 12, 2016, Chapel Ridge filed a motion seeking a sixty-day enlargement of time to respond to Noteholder's motion for summary judgment. Chapel Ridge sought the additional time—through February 10, 2017—because Chapel Ridge had "not had sufficient opportunity to conduct discovery." *Id.* at 164. Noteholder opposed the motion, stating that it did not object to a shorter extension—up to January 3, 2017—that would preserve the January 5 hearing date. The trial court gave Chapel Ridge an extension to Noteholder's suggested date of January 3, 2017.

[7] On January 3, 2017, Chapel Ridge filed a motion to strike, raising challenges to the First Coupe Affidavit, the Second Coupe Affidavit, and the Attorney Fee Affidavit. Along with the motion to strike, Chapel Ridge filed a response to Noteholder's motion for summary judgment, arguing that without the challenged averments, Noteholder was not entitled to summary judgment.

[8] Following a hearing on January 5, 2017, the trial court denied Chapel Ridge's motion to strike and granted summary judgment in favor of Noteholder.

[9] This appeal ensued.

# Discussion and Decision

## Alteration of Time to Respond

[10] Trial Rule 56 governs summary judgment proceedings. Pursuant to the rule, a party has thirty days "after service of the motion to serve a response and any opposing affidavits." Ind. Trial Rule 56(C). However, "for cause found" and

"upon motion made within the applicable time limit," the trial court "may alter any time limit set forth" in Trial Rule 56. T.R. 56(I). We review a decision to alter a Trial Rule 56 time limit for an abuse of discretion, *Logan v. Royer*, 848 N.E.2d 1157, 1160 (Ind. Ct. App. 2006), which occurs when the decision is against the logic and effect of the facts and circumstances before the trial court. *Mitchell v. 10th & The Bypass, LLC*, 3 N.E.3d 967, 970 (Ind. 2014).

[11] Chapel Ridge contends that the trial court erred by granting some, but not all, of the additional time it requested for discovery purposes. Although Chapel Ridge focuses its argument on whether a longer extension would have prejudiced Noteholder, Chapel Ridge has not identified any prejudice that it suffered because it needed additional time. Indeed, Noteholder points out— and Chapel Ridge does not dispute—that Chapel Ridge made no discovery requests before seeking an extension and made no discovery requests after obtaining an extension. Thus, even assuming *arguendo* that Chapel Ridge has identified error, reversal would not be warranted. *See* T.R. 61 ("The court at every stage of the proceeding must disregard any error or defect in the proceeding which does not affect the substantial rights of the parties.").

## Evidentiary Basis for Summary Judgment

[12] Chapel Ridge argues that the trial court improvidently granted summary judgment by relying on averments that it should have stricken. We review the denial of a motion to strike for an abuse of discretion. *H.M. v. State*, 65 N.E.3d 1054, 1057 (Ind. Ct. App. 2016), *trans. denied*. With respect to summary

judgment, we review the decision "*de novo*, applying the same standard as the trial court: summary judgment is appropriate only where 'the designated evidentiary matter shows that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.'" *Young v. Hood's Gardens, Inc.*, 24 N.E.3d 421, 423-24 (Ind. 2015) (quoting T.R. 56(C)). The initial burden is on the movant to demonstrate the absence of any genuine issue of material fact. *Schoettmer v. Wright*, 992 N.E.2d 702, 705-06 (Ind. 2013). Once that showing is made, the burden shifts to the non-movant to come forward with contrary evidence showing the existence of an issue for the trier of fact. *Hughley v. State*, 15 N.E.3d 1000, 1003 (Ind. 2014). In determining whether the moving party is entitled to summary judgment, "[w]e consider only those materials properly designated pursuant to Trial Rule 56 and construe all factual inferences and resolve all doubts . . . in favor of the non-moving party." *Young*, 24 N.E.3d at 424.

## Coupe Affidavits

[13]     Chapel Ridge contends that the Coupe Affidavits fail to comply with Trial Rule 56(E). Pursuant to this rule, "[s]upporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein." T.R. 56(E). To comply with Trial Rule 56(E), "affidavits . . . must present admissible evidence that should follow substantially the same form as though the affiant were giving testimony in court." *Guzik v. Town of St. John*, 875 N.E.2d 258, 265 (Ind. Ct. App. 2007), *trans. denied*. "The

requirements of Trial Rule 56(E) are mandatory" and "a court considering a motion for summary judgment should disregard inadmissible information contained in supporting or opposing affidavits." *Id.*

### *Personal Knowledge*

[14] Chapel Ridge first contends that the trial court should have stricken the Coupe Affidavits because "neither affidavit was based on personal knowledge." Appellant's Br. at 11. Chapel Ridge directs us to the following passage contained in each affidavit:

> I am an Asset Manager at C-III Asset Management LLC, a Delaware limited liability company, in its capacity as special servicer pursuant to that certain Pooling and Servicing Agreement dated December 1, 2006 ("C-III"). C-III is servicing the loan on behalf of Noteholder. I have personal knowledge of the type of records that C-III acquires and maintains in the ordinary course of business and of documents regarding C-III's authority to act on behalf of Noteholder.

Appellant's App. Vol. II at 115-16, 148-49. Chapel Ridge argues that the "personal knowledge" requirement was not met because Coupe does not "establish that he has any knowledge specifically regarding the Chapel Ridge transaction [or] that he reviewed documents involved in the Chapel Ridge transaction." Appellant's Br. at 12. In other words, Chapel Ridge contends that "Coupe's knowledge is limited only to the types of documents maintained by C-III" and "only regarding its authority to act on behalf of Noteholder." *Id.*

"'An affidavit need not contain an explicit recital of personal knowledge when it can be reasonably inferred from its contents that the material parts thereof are within the affiant's personal knowledge.'" *DeLage Landen Fin. Servs., Inc. v. Cmty. Mental Health Ctr., Inc.*, 965 N.E.2d 693, 701 (Ind. Ct. App. 2012) (quoting *Decker v. Zengler*, 883 N.E.2d 839, 844 (Ind. Ct. App. 2008), *trans. denied*), *trans. denied*; *see* Ind. Evidence Rule 602 ("Evidence to prove personal knowledge may consist of the witness's own testimony."). Moreover, "a witness's personal knowledge of a situation can be inferred from his or her position or relationship to the fact set forth in his or her testimony or affidavit." *Riviera Plaza Investments, LLC v. Wells Fargo Bank, N.A.*, 10 N.E.3d 541, 550 (Ind. Ct. App. 2014). Further, we have previously recognized that the personal knowledge of an asset manager can be "inferable from his position and from his possession of [loan documents]." *Am. Mgmt., Inc. v. MIF Realty, L.P.*, 666 N.E.2d 424, 429 n.2 (Ind. Ct. App. 1996).

Here, Coupe did not expressly state that he had personally reviewed the Loan Documents. However, in the First Coupe Affidavit, Coupe drew information from each of the Loan Documents—including applicable dates, party names, and instrument numbers—as Coupe narrated the background of the loan and verified the authenticity of each document. Moreover, in the Second Coupe Affidavit, Coupe itemized amounts allegedly owed to Noteholder. Ultimately, given Coupe's position as an asset manager at the entity servicing the loan, Coupe's possession of the Loan Documents, and the content of Coupe's

affidavits, it is reasonable to infer that Coupe had the requisite personal knowledge to testify concerning the loan.

### *Failure to Attach Documents*

[17] Chapel Ridge next argues that the trial court should have stricken paragraph three of the Second Coupe Affidavit because Coupe's averments referred to documents that were not attached to the affidavit, contrary to Trial Rule 56(E).

[18] In addition to requiring personal knowledge, Trial Rule 56(E) provides that "[s]worn or certified copies not previously self-authenticated of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith." Here, the challenged paragraph states that "[a]ccording to the books and records of C-III, Chapel Ridge is indebted to the Noteholder in at least the following amounts," and Coupe then provides a table of amounts. Appellant's App. Vol. II at 149. We agree with Chapel Ridge that the affidavit refers to documents, triggering additional obligations under Trial Rule 56(E). Thus, because the Second Coupe Affidavit does not include sworn or certified copies of the referenced documents, and the documents were not previously self-authenticated, the affidavit does not comply with the rule. *See Seth v. Midland Funding, LLC*, 997 N.E.2d 1139, 1143 (Ind. Ct. App. 2013) ("Because Degel explicitly states that her affidavit is based upon her personal knowledge of facts obtained from business records maintained by Midland, she was required to attach to her affidavit sworn, certified, or self-authenticated copies of any of the business records she relied upon."). The trial court therefore erred

when it failed to strike paragraph three from the Second Coupe Affidavit, and we accordingly disregard the averments therein in conducting our review.

### *Legal Conclusions*

[19] Chapel Ridge next directs our attention to several paragraphs of the First Coupe Affidavit, contending that the paragraphs contain inadmissible legal conclusions that should have been stricken. *See* Evid. R. 704 ("Witnesses may not testify to . . . legal conclusions."). With respect to paragraphs 15, 17, 18, and 20, the allegations therein are independently established by the Loan Documents. Moreover, paragraph 22 relates to the appointment of a receiver, a matter that was resolved with Chapel Ridge's consent and that is otherwise not relevant to the appeal. The remaining challenges are to paragraphs 13 and 14.

[20] Paragraph 13 states: "Chapel Ridge has defaulted on its obligations under the Loan Documents by, among other things, failure to meet its payment obligations under the Loan Documents." Appellant's App. Vol. II at 118. Paragraph 14 states: "Despite notice and demand for payment, Chapel Ridge has failed to cure its defaults." *Id.* Although Chapel Ridge characterizes these allegations as inadmissible legal conclusions, we disagree. Rather, these are admissible factual allegations drawn from the personal knowledge of the asset manager, and the trial court did not err in failing to strike these paragraphs.

## Attorney Fee Affidavit

Finally, Chapel Ridge challenges the trial court's refusal to strike the Attorney Fee Affidavit. Chapel Ridge contends that the affidavit does not comply with Local Rule LR02-TR00-16, which provides:

> No order granting a request for attorney fees shall be made unless fees are allowable under applicable law and there has been evidence furnished by testimony or affidavit of the attorney. The testimony or affidavit shall describe the services rendered in order to establish to the Court's satisfaction the amount of time expended (or to be expended in the matter), the fact that the services and time were or are reasonably necessary considering the nature and complexity of the matter, the experience or expertise of the attorney seeking an attorney fee award, the usual and customary charges, and the reasonableness of the requested fees. Judicial notice of reasonable fees shall not be taken. In any event, the award of attorney fees shall be within the sound discretion of the Court.

In the Attorney Fee Affidavit, counsel averred that Noteholder incurred $16,000 in attorney fees, representing approximately thirty-six hours of work at an average rate of $450 per hour. Counsel further averred that the representation "include[d], but [wa]s not limited to: contact and correspondence with the client; preparation of the Complaint; arrangements for the appointment of a Receiver; and preparation of the motion for summary judgment, supporting brief, and affidavits." Appellant's App. Vol. II at 152. Counsel also averred that Noteholder incurred $1,652.12 in expenses, which included "the filing fee, photocopies, and process of service expenses." *Id.* Although Chapel Ridge contends that the Attorney Fee Affidavit lacked

sufficient "detail to ascertain the reasonableness of the request," Appellant's Br. at 15, we conclude that the information in the affidavit was sufficient to establish "to the Court's satisfaction" that the request was reasonable. Thus, the trial court did not abuse its discretion in declining to strike the affidavit.

[23] Having resolved Chapel Ridge's arguments concerning its motion to strike, we now turn to Noteholder's motion for summary judgment. Noteholder has established that Chapel Ridge has defaulted on its obligations to pay Noteholder under the loan. However, because we must disregard the improper averments in the Second Coupe Affidavit, we conclude that Noteholder has not demonstrated that it is entitled to summary judgment on the issue of damages due to Chapel Ridge's non-payment of the loan. We therefore reverse that portion of the summary judgment order pertaining to those alleged damages. Consequently, there is no final foreclosure judgment, and so we reverse the order for a Sheriff's sale. *See* Ind. Code § 32-29-7-7 (providing a right of redemption by "payment . . . of the amount of the judgment, interest, and costs for the payment or satisfaction of which the sale was ordered."). Chapel Ridge has otherwise not demonstrated that the trial court erred in granting summary judgment. We therefore affirm the grant of summary judgment as to all other issues—including Noteholder's entitlement to the fee award—and we remand for further proceedings.

# Conclusion

Chapel Ridge has not demonstrated that it was prejudiced by the Trial Rule 56(I) alteration of time, which we affirm. The trial court should have stricken a portion of the Second Coupe Affidavit, which was contrary to Trial Rule 56(E), but the trial court did not otherwise abuse its discretion in denying Chapel Ridge's motion to strike. Disregarding the averments as to the amounts owed in the Second Coupe Affidavit, we reverse the grant of summary judgment with respect to damages due to non-payment of the loan. Because our reversal means there is no final foreclosure judgment, we reverse the order for a Sheriff's sale. We affirm the grant of summary judgment in all other respects, and remand for further proceedings.

Affirmed in part, reversed in part, and remanded.

Vaidik, C.J., and Robb, J., concur.