

**FILED**

Feb 27 2018, 10:08 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

| ATTORNEY FOR APPELLANT | ATTORNEYS FOR APPELLEE |
|---|---|
| Thomas G. Bradburn | Seth Row |
| Bradburn Law Firm | Daniel Bogatz |
| Noblesville, Indiana | Javitch Block LLC |
| | Cleveland, Ohio |

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Alexander Holmes, | February 27, 2018 |
| *Appellant-Defendant,* | Court of Appeals Case No. 87A05-1711-CC-2517 |
| v. | Appeal from the Warrick Superior Court |
| National Collegiate Student Loan Trust, | The Honorable Robert R. Aylsworth, Judge |
| *Appellee-Plaintiff* | Trial Court Cause No. 87D02-1608-CC-987 |

**Crone, Judge.**

# Case Summary

Alexander Holmes appeals the trial court's entry of summary judgment in favor of National Collegiate Student Loan Trust ("NCSLT"). Concluding that Holmes has met his burden to persuade us that the grant of summary judgment was erroneous, we reverse and remand.

# Facts and Procedural History

On November 30, 2006, Holmes cosigned a Loan Request/Credit Agreement with Charter One Bank on behalf of his son, Nicholas Holmes. The loan was an education loan for Nicholas to attend the University of Southern Indiana from August 2006 through May 2007. In March 2007, Charter One Bank sold a pool of student loans to National Collegiate Funding LLC, which in turn sold the loans to NCSLT. This pool of loans allegedly contained Holmes's specific loan account.

On August 15, 2016, NCSLT filed a complaint against Holmes alleging that it was the owner of Holmes's account and that Holmes owed $16,578.60 plus accrued interest. Holmes filed his answer and affirmative defenses, including the defense that NCSLT lacked standing to bring its claim.

On March 22, 2017, NCSLT filed a motion for summary judgment and designation of evidence. In response, Holmes asserted that NCSLT failed to prove that it owned his account and further that much of NCSLT's designated evidence was inadmissible pursuant to Indiana Trial Rule 56(E). Following a hearing, the trial court entered summary judgment in favor of NCSLT. The

court ordered Holmes to pay NCSLT $18,183.26 plus interest and costs. Holmes filed a motion to correct error, which the trial court denied. This appeal ensued.

## Discussion and Decision

[5] Holmes appeals the trial court's entry of summary judgment in favor of NCSLT. Summary judgment is appropriate only when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *Wagner v. Yates*, 912 N.E.2d 805, 808 (Ind. 2009). "The party moving for summary judgment has the burden of making a prima facie showing that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law." *Goodwin v. Yeakle's Sports Bar & Grill, Inc.*, 62 N.E.3d 384, 386 (Ind. 2016). Once that showing is made, the burden shifts to the nonmovant to come forward with contrary evidence showing the existence of an issue for the trier of fact. *Hughley v. State*, 15 N.E.3d 1000, 1003 (Ind. 2014). In determining whether the moving party is entitled to summary judgment, "[w]e consider only those materials properly designated pursuant to Trial Rule 56 and construe all factual inferences and resolve all doubts … in favor of the non-moving party." *Young v. Hood's Gardens, Inc.*, 24 N.E.3d 421, 424 (Ind. 2015).

[6] Holmes contends that NCSLT has failed to establish the absence of a genuine issue of material fact. Particularly, Holmes argues that much of NCSLT's designated evidence is inadmissible hearsay, and thus the evidence presented is

insufficient to make a prima facie showing that NCSLT is entitled to summary judgment on its claim against Holmes. We agree.

[7] To make its prima facie case in support of summary judgment, NCSLT was required to show that Holmes executed a contract for the student loan with Charter One Bank, that NCSLT was the assignee and is now the owner of that debt, and that Holmes owed the original lender, Charter One Bank, the amount alleged. *See Seth v. Midland Funding, LLC*, 997 N.E.2d 1139, 1140 (Ind. Ct. App. 2013) (discussing designated evidence necessary to make prima facie case in support of summary judgment in favor of creditor claiming breach of credit card contract). In support of summary judgment, NCSLT designated the affidavit of Jacqueline Jefferis, an employee of Transworld Systems, Inc. ("TSI"), the loan subservicer for U.S. Bank, National Association, the "Special Servicer" of NCSLT. Appellant's App. Vol. 2 at 14. Jefferis stated that she was the "designated custodian of records" for TSI. She stated that she was "familiar with the process by which TSI received prior account records," that it was "TSI's regularly-conducted business practice to incorporate prior loan records … into TSI's business records," and therefore she was competent and authorized to testify regarding Holmes's specific loan and "the business records attached" to the affidavit. *Id.* The purpose of the Jefferis affidavit was to authenticate and lay the foundation for the admissibility of several attached documents, the most relevant for our review being the loan contract between Holmes and Charter One Bank, and the schedule of pooled loans transferred

from Charter One Bank to National Collegiate Funding LLC, before then being sold and assigned to NCSLT.[1]

[8] Indiana Trial Rule 56(E) provides that supporting and opposing affidavits on summary judgment "shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein." The requirements of Trial Rule 56(E) are mandatory, and a court considering a motion for summary judgment should disregard inadmissible information contained in supporting or opposing affidavits. *Seth*, 997 N.E.2d at 1143. Inadmissible hearsay contained in an affidavit may not be considered in ruling on a motion for summary judgment. *Breining v. Harkness*, 872 N.E.2d 155, 158 (Ind. Ct. App. 2007), *trans. denied* (2008).

[9] NCSLT admits that the Jefferis affidavit and supporting documents are hearsay.[2] However, NCSLT argues that the material offered is admissible because it falls within the business records exception to the hearsay rule. Specifically, Indiana Evidence Rule 803(6) provides that records of a regularly conducted business activity are not excluded by the rule against hearsay if: the record was made at or near the time by—or from information transmitted by—

---

[1] The additional attached documents included computer printouts of the loan financial activity, a deferment/forbearance summary, the loan repayment schedule, and the loan payment history report.

[2] Hearsay is an out of court assertion offered in court to prove the truth of the matter asserted. Ind. Evidence Rule 801(c). Absent an exception to the rule, hearsay is inadmissible as evidence. *In re E.T.*, 808 N.E.2d 639, 641 (Ind. 2004); Ind. Evidence Rule 802.

someone with knowledge; the record was kept in the course of a regularly conducted activity of a business; making the record was a regular practice of that activity; all these conditions are shown by the testimony of the custodian or another qualified witness; and neither the source of information nor the method or circumstances of preparation indicate a lack of trustworthiness. To ensure reliability, the proponent of a business record must authenticate it, and Evidence Rule 803(6) permits authentication by affidavit. *Speybroeck v. State*, 875 N.E.2d 813, 819 (Ind. Ct. App. 2007). As an exception to the hearsay rule, the business record exception must be strictly construed. *Id*.

[10] Here, the Jefferis affidavit provided no testimony to support the admission of the contract between Holmes and Charter One Bank or the schedule of pooled loans sold and assigned to National Collegiate Funding, LLC, and then to NCSLT, as business records pursuant to Evidence Rule 803(6). There was no testimony to indicate that Jefferis was familiar with or had personal knowledge of the regular business practices or record keeping of Charter One Bank, the loan originator, or that of NCSLT regarding the transfer of pooled loans, such that she could testify as to the reliability and authenticity of those documents. Indeed, Jefferis offered no evidence to indicate that those records were made at or near the time of the business activities in question by someone with knowledge, that the records were kept in the course of the regularly conducted activities of either Charter One or NCSLT, and that making the records was part of the regularly conducted business activities of those third-party businesses. In *Speybroeck*, this Court stated that, pursuant to Trial Rule 803(6),

one business "could not lay the proper foundation to admit the records of another business because the requesting business lacked the personal knowledge required to ensure reliability." *Id*. at 821; *accord Williams v. Unifund CCR, LLC*, 70 N.E.3d 375, 379 (Ind. Ct. App. 2017) (affiant from one business who did not have personal knowledge of another business's regularly conducted business activities could not lay foundation for admission of exhibit).[3] Because the Jefferis affidavit is insufficient to support the admission of two of the business records necessary for NCSLT to establish its prima facie case, summary judgment is inappropriate.

[11] Under the circumstances, we conclude that NCSLT has failed to make a prima facie case in support of summary judgment. Accordingly, we reverse and remand for further proceedings.

[12] Reversed and remanded.

Robb, J., and Bradford, J., concur.

---

[3] NCSLT argues that some federal circuit courts have allowed authentication of third-party business records pursuant to Federal Rule of Evidence 803(6), but Indiana courts have not applied Indiana Evidence Rule 803(6) in the same way. This would not be the only point regarding hearsay evidence upon which we diverge from our federal counterparts. Indiana has also never adopted a residual exception like Federal Rule of Evidence 807, which allows trial judges to exercise discretion to admit certain hearsay evidence. *VanPatten v. State*, 986 N.E.2d 255, 269 (Ind. 2013) (Massa, J., concurring in result).