FILED

Oct 10 2019, 6:47 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court



ATTORNEY FOR APPELLANT

Jason R. Delk
Muncie, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Diana F. Zelman, | October 10, 2019 |
| *Appellant-Defendant,* | Court of Appeals Case No. 19A-CC-989 |
| v. | Appeal from the Delaware Circuit Court |
| Capital One Bank (USA) N.A., | The Honorable Thomas A. Cannon Jr., Judge |
| *Appellee-Plaintiff* | Trial Court Cause No. 18C05-1609-CC-714 |

**Bailey, Judge.**

# Case Summary

Diana Zelman ("Zelman") appeals the trial court's order granting summary judgment to Capital One Bank (USA) N.A. ("Bank") on its claim against Zelman for nonpayment of credit card debt. Zelman raises one issue on appeal which we restate as whether the trial court erred when it concluded that Bank had satisfied its burden of proof under Indiana Trial Rule 56.

We reverse and remand.

# Facts and Procedural History

On September 30, 2016, Bank filed a complaint alleging that Zelman had an unpaid credit card balance owed to Bank. On December 15, 2016, Zelman filed an answer in which she denied all the allegations of the complaint. On January 3, 2019, Bank filed a motion for summary judgment in which it designated the following evidence in support: the complaint and exhibits; Zelman's answer; Bank's memorandum in support of summary judgment; and Bank's "Affidavit of Debt," attached to the memorandum as Exhibit A. The latter document stated, in relevant part:

> PERSONALLY APPEARED before the undersigned officer.
> duly authorized to administer oaths, Jamie Williams, who states
> under oath as follows:
>
> 1.      I am over 18 years old and competent to testify to the
> matters set forth herein. I am an employee of Capital One
> Services, LLC, ("COSLLC"), an agent and affiliate of Plaintiff

CAPITAL ONE BANK (USA), N.A. ("Capital One"). COSLLC provides services to Capital One in connection with its credit card and related banking practices and my job responsibilities as Litigation Support Representative provide me with access to all relevant systems and documents of Capital One needed to validate the below information. I am authorized by Capital One to testify to the matters set forth herein. As a result of the scope of my job responsibilities, I have personal knowledge of the manner and method by which Capital One creates and maintains certain business books and records, including computer records of customer accounts.

2.      The Capital One books and records are made in the course of Capital One's regularly conducted business activity and it is a regular practice-of Capital One to make these books and records. Each of the Capital One books and records reviewed are made: (l) at or near the time the events they purport to describe occurred, by a person with knowledge of the acts and events; or, (2) by a computer or other similar digital means, which contemporaneously records an event as it occurs.

3.      The books and records of Capital One show that Defendant(s) opened a credit card account with Capital One on 03/01/1997 for the purpose of obtaining an extension of credit and did thereafter use or authorize the use of the account for the acquisition of goods, services, or cash advances in accordance with the Customer Agreement governing use of that account. The last payment attempt in the amount of $141.00 on 03/13/2015 did not satisfy the outstanding balance and thus created a default on the account.

4.      The books and records of Capital One show that at the time Defendant's(s') account, XXXXXXXXXXXX7308, charged off in the ordinary course of business, the just and true sum of $6292.34 remained due and owing as of 10/17/2015. There have been no late fees assessed after 10/17/2015.

5. The books and records of Capital One show that credit has been given to Defendant(s) for all just and lawful offsets, payments, and credits as of the date hereof, and there now remains due and owing on account number XXXXXXXXXXXX7308 the just and true sum of $6292.34 as of 07/14/2016. This balance is comprised of Defendant's(s') outstanding debt on the date the account charged off (including any pre-charge-off transactions, interest, and/or fees) less any offsets, payments, or credits applied to the account after the charge-off date.

App. at 28-29. Bank's memorandum in support of summary judgment also had as an attachment Exhibit B, which the memorandum alleged to be "copies of the account statements for account #************7308." *Id.* at 26.

[4] Zelman opposed summary judgment on the grounds that Bank had failed to designate admissible evidence in support of its motion and moved to strike the designated evidence from the record. At the March 4 hearing, the trial court took the pending motions under advisement and gave Bank ten days to file a response to Zelman's motion to strike. On March 14, Bank filed its "Supplement to Motion for Summary Judgment" and supporting memorandum in which it argued that its previously-filed designated evidence was admissible and supported its motion for summary judgment. On April 2, 2019, the trial court granted Bank's motion for summary judgment. Specifically, the trial

court held that Bank's designated evidence was admissible[1] and supported its motion. Zelman now appeals.

# Discussion and Decision

Our standard of review for summary judgment is well settled. When reviewing a grant or denial of summary judgment, we apply the same standard as the trial court.

> The party moving for summary judgment has the burden of making a prima facie showing that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. Once these two requirements are met by the moving party, the burden then shifts to the non-moving party to show the existence of a genuine issue by setting forth specifically designated facts. Any doubt as to any facts or inferences to be drawn therefrom must be resolved in favor of the non-moving party.

*Daviess-Martin Cty. Joint Parks and Recreation Dep't v. Estate of Abel by Abel*, 77 N.E.3d 1280, 1285 (Ind. Ct. App. 2017) (citations omitted), *trans. denied*.

However, Bank has not filed an appellee's brief. Therefore, we apply a less stringent standard of review and may reverse the grant of summary judgment if

---

[1] By holding the Bank's designated evidence was admissible, the court, in effect, denied Zelman's motion to strike.

Zelman has shown prima facie error. Ind. Appellate Rule 45(D); *see also, e.g.,* *First Am. Title Ins. Co. v. Calhoun*, 13 N.E.3d 423, 430-31 (Ind. Ct. App. 2014). "Prima facie error" is error at first sight, at first appearance, or on the face of it. *Calhoun*, 13 N.E.3d at 431.

[7]     Zelman contends that summary judgment was not warranted because Bank failed to support its summary judgment motion with admissible designated evidence. To support its motion for summary judgment, Bank was required to show that Zelman had opened a credit card account with Bank and that Zelman owed Bank the amount alleged in the complaint. *See Seth v. Midland Funding, LLC*, 997 N.E.2d 1139, 1140 (Ind. Ct. App. 2013) (discussing designated evidence necessary to make prima facie case in support of summary judgment in favor of creditor claiming breach of credit card contract). Zelman alleges Bank failed to make that showing because: (1) Bank failed to attach to its Affidavit of Debt copies of documents to which the Affidavit refers, as required by Indiana Trial Rule 56(E); (2) the Affidavit of Debt was not based on personal knowledge as required by Trial Rule 56(E); and (3) Bank failed to lay a proper foundation as to its Exhibit titled "Capital One Customer Agreement" ("Customer Agreement") and its Exhibit B, as required to authenticate those documents under the business record exception to hearsay, Indiana Evidence Rule 803(6).

[8]     Indiana Trial Rule 56 permits parties to submit affidavits in support of their motions for summary judgment. However, subsection E of that rule imposes certain mandatory requirements; it states, in relevant part:

> Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein. Sworn or certified copies not previously self-authenticated of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith.

T.R. 56(E).

[9] Thus, in ruling on a motion for summary judgment, the trial court will consider only properly designated evidence which would be admissible at trial. *E.g.*, *D.H. by A.M.J. v. Whipple*, 103 N.E.3d 1119, 1126 (Ind. Ct. App. 2018), *trans. denied*. Such evidence does not include inadmissible hearsay contained in an affidavit. *See, e.g.*, *Holmes v. Nat'l Collegiate Student Loan Trust*, 94 N.E.3d 722, 725 (Ind. Ct. App. 2018). Nor does it include documents that are unsworn statements or unverified exhibits. *Greenfield v. Arden Seven Penn Partners, L.P.*, 757 N.E.2d 699, 702 n.3 (Ind. Ct. App. 2001), *trans. denied*. Moreover, it is well settled that "'if a document is relied upon to support a motion for summary judgment, it must be exhibited in full; affidavits as to its substance, effect or interpretation are not sufficient.'" *Reef v. Asset Acceptance, LLC*, 43 N.E.3d 652, 654 (Ind. Ct. App. 2015) (quoting *Marich v. Kragulac*, 415 N.E.2d 91, 100 (Ind. Ct. App. 1981), *disapproved of on other grounds by Presbytery of Ohio Valley, Inc. v. OPC, Inc.*, 973 N.E.2d 1099 (Ind.2012)); *see also Lukacs v. Kluessner*, 154 Ind. App. 452, 456-57, 290 N.E.2d 125, 128 (1972).

Here, neither the "Customer Agreement"[2] attached to Bank's complaint, nor Zelman's purported credit card statements attached to the summary judgment motion as Exhibit B were certified or sworn; therefore, they were inadmissible hearsay and were not proper Rule 56 evidence. *See Seth*, 997 N.E.2d at 1140-41 (holding uncertified, unsworn exhibits consisting of alleged transaction history, credit card statement, and terms of credit card agreement were inadmissible and not proper Rule 56 evidence).

Further, the Affidavit of Debt does not authenticate those unsworn and unverified documents as records of regularly conducted business activity pursuant to the hearsay exception specified in Rule of Evidence 803(6).[3] The affiant, a "Litigation Support Representative" employed by Bank's affiliate, stated that she had "access to" the Bank's "relevant systems and documents … needed to verify" the information in the affidavit, but never states what those documents are. App. at 28-29. The affiant further states that she has "personal

---

[2] We note that the "Customer Agreement" did not anywhere contain Zelman's name, signature, or credit card account number. App. at 11-16.

[3] A record is an exception to the rule against hearsay under that rule if:

>    (A) the record was made at or near the time by—or from information transmitted by—someone with knowledge;
>
>    (B) the record was kept in the course of a regularly conducted activity of a business, organization, occupation, or calling, whether or not for profit;
>
>    (C) making the record was a regular practice of that activity;
>
>    (D) all these conditions are shown by the testimony of the custodian or another qualified witness …; and
>
>    (E) neither the source of information nor the method or circumstances of preparation indicate a lack of trustworthiness.

Evid. R. 803(6).

knowledge of the manner and method by which [Bank] creates and maintains certain business books and records, including computer records of customer accounts." However, she does not identify the "books and records" to which she refers. She also fails to identify the Customer Agreement attached to the complaint as "the Customer Agreement governing use of [Zelman's] account," *id*. at 29, or identify the Customer Agreement or credit card statements in Exhibit B as "computer records of customer accounts," *id*. at 28. Similarly, the affiant refers to the Bank "books and records reviewed," but does not identify any such documents. *Id*.

[12] Thus, the Affidavit of Debt did not lay a proper foundation to authenticate the Customer Agreement or credit card statements as business records admissible under Evidence Rule 803(6)'s hearsay exception. *See, e.g.*, *Williams v. State*, 64 N.E.3d 221, 225 (Ind. Ct. App. 2016) (holding that, in order to admit documents under the business records exception, "the proponent of the exhibit may call a witness who has a functional understanding of the record-keeping process of the business *with respect to the specific entry, transaction, or declaration contained in the document*." (emphasis added)). Rather, the affiant's knowledge of the facts asserted in her affidavit "is limited to what she has gleaned from her review of unspecified business records," and her affidavit is, therefore, "based entirely upon hearsay, in violation of Trial Rule 56(E)." *Seth*, 997 N.E.2d at 1142; *see also Holmes*, 94 N.E.3d 722, 725 ("As an exception to the hearsay rule, the business record exception must be strictly construed."). And the affiant's employment as a litigation support representative of Bank's affiliate does not, in

itself, establish her personal knowledge of any of the facts relating to the complaint. *Seth*, 997 N.E.2d at 1142.

[13] In addition, because the affiant explicitly states that her affidavit is based upon her personal knowledge of facts obtained from Bank's business records, she was required to attach to, or submit with, her affidavit sworn, certified, or self-authenticated copies of any such records upon which she relied. *Id*. at 1143. She did not attach to or submit with her affidavit any such records, and her failure to do so means we must disregard her affidavit.[4] T.R. 56(E); *see also Reef*, 43 N.E.3d at 654 (stating documents in support of summary judgment must be exhibited, and affidavits as to their substance are not sufficient).

# Conclusion

[14] Bank failed to designate admissible evidence establishing that Zelman had opened a credit card account with Bank and that Zelman owed Bank the amount alleged in the compliant. Zelman has shown prima facie error in the trial court order granting Bank summary judgment; therefore, we reverse that order and remand for further proceedings.

---

[4] In reaching the opposite conclusion, the trial court erroneously relied upon *Meyer v. Nat'l City Bank*, 903 N.E.2d 974 (Ind. Ct. App. 2009). App. at 52. *Meyer* is inapplicable as it did not involve a challenge to the designated evidence or otherwise address admissibility of such evidence under Trial Rule 56(E). *Id*. Of course, in any case, on review of a summary judgment decision we are not bound by trial court findings and conclusions. *E.g.*, *Webb v. City of Carmel*, 101 N.E.3d 850, 861 (Ind. Ct. App. 2018) ("Where a trial court enters specific findings and conclusions, they offer insight into the rationale for the trial court's judgment and facilitate appellate review but are not binding upon this court.").

Reversed and remanded.

Najam, J., and May, J., concur.