# FOR PUBLICATION



**FILED**

Feb 24 2012, 8:46 am

**CLERK**

of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANTS:

**CHARLES BLACKWELDER**
Charles B. Blackwelder, P.C.
Carmel, Indiana

ATTORNEY FOR APPELLEE:

**WESLEY N. STEURY**
Burt, Blee, Dixon, Sutton & Bloom, LLP
Fort Wayne, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

CFS, LLC and CHARLES BLACKWELDER,  )
    )
    Appellants,  )
    )
        vs.  )   No. 29A02-1105-MF-436
    )
BANK OF AMERICA, Successor in Interest  )
to LaSalle Bank Midwest National Association,  )
    )
    Appellee.  )

APPEAL FROM THE HAMILTON CIRCUIT COURT
The Honorable Paul A. Felix, Judge
Cause No. 29C01-0908-MF-1585

**February 24, 2012**

**OPINION - FOR PUBLICATION**

**BAILEY, Judge**

**Case Summary**

CFS, LLC and Charles Blackwelder (collectively, "CFS") appeal a grant of summary judgment, upon motion to correct error, in favor of Bank of America, National Association ("the Bank") upon the Bank's foreclosure action. CFS presents a single, consolidated issue: whether summary judgment was improvidently granted. We affirm.

**Facts and Procedural History**

On June 13, 2007, CFS executed a promissory note and construction mortgage in exchange for a loan from LaSalle Bank Midwest National Association ("LaSalle") in the amount of $982,500. Blackwelder executed a personal guaranty of the debt. On August 24, 2009, the Bank, as successor in interest to LaSalle, filed a complaint to foreclose the mortgage and for judgment against the guarantor, alleging that the loan was in default. In the answer, CFS admitted the authenticity of signatures, the promise to pay, and the principal balance, but asserted a lack of knowledge as to the Bank's role as successor to LaSalle.

On April 19, 2010, the Bank moved for summary judgment. CFS moved to file a late response but, following a bench conference, withdrew the submission as untimely.[1] On December 13, 2010, the trial court conducted a hearing on the motion for summary judgment, at which CFS claimed that the Bank had not demonstrated its ownership of the LaSalle note and mortgage. At the conclusion of the hearing, the trial court took the motion under advisement, pending the provision of "case law that shows that the testimony of someone

---

[1] If a party fails to respond to a motion for summary judgment within thirty days, either by designating evidence demonstrating issues of material fact, filing an affidavit under Trial Rule 56(F) indicating why the facts necessary to justify opposition are unavailable, or requesting an extension of time under Trial Rule 56(I) in which to file a response, the trial court lacks discretion to permit that party to thereafter file a response. Desai v. Croy, 805 N.E.2d 844, 849 (Ind. Ct. App. 2004), trans. denied.

saying they're a successor-in-interest is sufficient to prove ownership." (Tr. 37.) On December 27, 2010, the Bank filed a response advising the trial court that no such case law had been located. The motion for summary judgment was denied on January 19, 2011.

On February 18, 2011, the Bank filed a motion to correct error. The Bank cited a federal statute for its claim that the Bank was entitled to enforce the LaSalle loan. The Bank claimed that it possessed a certificate of merger, but did not attach or designate a copy of the document. On March 16, 2011, the trial court granted the Bank's motion to correct error. On April 18, 2011, the trial court entered its judgment of foreclosure and decree of sale. CFS appeals.

## Discussion and Decision

### I. Standard of Review

Summary judgment is appropriate only if the pleadings and designated materials considered by the trial court show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Yates v. Johnson County Bd. of Comm'rs., 888 N.E.2d 842, 846 (Ind. Ct. App. 2008). Our well-settled standard of review is the same as it was for the trial court. Landmark Health Care Assocs. L.P. – 1989-A v. Bradbury, 671 N.E.2d 113, 116 (Ind. 1996).

We must construe all evidence in favor of the party opposing summary judgment, and all doubts as to the existence of a material issue must be resolved against the moving party. Yates, 888 N.E.2d at 847. However, once the movant has carried its initial burden of going forward under Trial Rule 56(C), the nonmovant must come forward with sufficient evidence

3

demonstrating the existence of genuine factual issues, which should be resolved at trial. Otto v. Park Garden Assocs., 612 N.E.2d 135, 138 (Ind. Ct. App. 1993), trans. denied. If the nonmovant fails to meet his burden, and the law is with the movant, summary judgment should be granted. Id.

A genuine issue of material fact exists where facts concerning an issue that would dispose of the litigation are in dispute or where the undisputed material facts are capable of supporting conflicting inferences on such an issue. Huntington v. Riggs, 862 N.E.2d 1263, 1266 (Ind. Ct. App. 2007), trans. denied. Questions of law are reviewed de novo and we owe no deference to the trial court's legal conclusions. In re Guardianship of Phillips, 926 N.E.2d 1103, 1106 (Ind. Ct. App. 2010).

We may affirm the grant of summary judgment on any basis argued by the parties and supported by the record. Payton v. Hadley, 819 N.E.2d 432, 437 (Ind. Ct. App. 2004). However, neither the trial court nor the reviewing court may look beyond the evidence specifically designated to the trial court. Best Homes, Inc. v. Rainwater, 714 N.E.2d 702, 705 (Ind. Ct. App. 1999). Trial Rule 56(H) specifically prohibits this Court from reversing a grant of summary judgment on the ground that there is a genuine issue of material fact, unless the material fact and the evidence relevant thereto shall have been specifically designated to the trial court. AutoXchange.com, Inc. v. Dreyer and Reinbold, Inc., 816 N.E.2d 40, 45 (Ind. Ct. App. 2004).

## II. Analysis

CFS argues that the Bank did not meet its burden of establishing its entitlement to

4

enforce the loan and mortgage originally held by LaSalle.[2] More particularly, CFS alleges that the trial court granted summary judgment only upon improperly considering new evidence submitted upon motion to correct error.

The Bank's complaint alleged:

> Plaintiff, Bank of America, is successor in interest to LaSalle Bank Midwest National Association by reason of a merger of said associations, whereby Bank of America was the surviving and resulting association, all of which was duly authorized by the provisions of the Home Owners' Loan Act of 1933, as amended, and by the Rules and Regulations of the Federal Home Loan Bank Board.

(App. 11.) The Bank included within its designated materials an affidavit of debt, wherein Lila Stephens, an officer of the Bank, averred that the Bank is a successor in interest to LaSalle. CFS did not designate any materials to the contrary.

CFS now points out – accurately so – that summary judgment is not to be granted as a matter of course because the opposing party fails to offer opposing affidavits or evidence. Murphy v. Curtis, 930 N.E.2d 1228, 1234 (Ind. Ct. App. 2010), trans. denied. The trial court is to rule upon the merits of the summary judgment motion. Id. at 1233. While a party who has filed no response may be limited to the facts established by the movant's submissions, the failure to respond does not preclude argument of the relevant law on appeal. Id. at 1234.

CFS did not identify a genuine issue of material fact or designate evidence tending to show that the Bank was not the successor of LaSalle. There is no factual dispute in this

---

[2] Pursuant to Indiana Code 26-1-3.1-301, a "person entitled to enforce" an instrument means: "(1) the holder of the instrument; (2) a nonholder in possession of the instrument who has the rights of a holder; or (3) a person not in possession of the instrument who is entitled to enforce the instrument under IC 26-1-3.1-309 or IC 26-1-3.1-418(d)."

regard.  See Winbush v. Memorial Health System, Inc., 581 N.E.2d 1239, 1243 (Ind. 1991) (stating "the facts alleged in a complaint must be taken as true except to the extent that they are negated by depositions, affidavits, admissions, answers to interrogatories, or testimony presented at the hearing").

Rather than a factual dispute, the trial court struggled with a legal issue:  whether a successor bank surviving after merger could enforce the note and mortgage of the predecessor.  On motion to correct error, the Bank directed the trial court's attention to 12 U.S.C. § 215a(e), providing in part:

> The corporate existence of each of the merging banks or banking associations participating in such merger shall be merged into and continued in the receiving association and such receiving association shall be deemed to be the same corporation as each bank or banking association participating in the merger.  All rights, franchises and interests of the individual merging banks or banking associations in and to every type of property (real, personal, and mixed) and choses in action shall be transferred to and vested in the receiving association by virtue of such merger without any deed or other transfer.  The receiving association, upon the merger and without any order or other action on the part of any court or otherwise, shall hold and enjoy all rights of property[.]

Accordingly, the Bank as the successor after merger acquired rights to LaSalle's property and choses in action.  In light of this authority, and the uncontroverted averments of the complaint and affidavit of debt, the trial court granted summary judgment in favor of the Bank.

The trial court need not have considered the alleged "new evidence," a certificate of merger.  Although the Bank's motion to correct error referenced a certificate of merger, no such document was designated.  In turn, the trial court's order granting the motion to correct

error made no mention of a certificate of merger. Whether the merger took place was not a disputed issue of material fact.

The Bank established that there exists no genuine issue as to a material fact and that it is entitled to judgment as a matter of law. Accordingly, summary judgment was properly granted to the Bank.[3]

Affirmed.

BAKER, J., and DARDEN, J., concur.

---

[3] Blackwelder has set forth a cursory argument that he may not be held liable as a guarantor as a result of the summary judgment order because he was not separately mentioned in the motion or supporting affidavits. However, we observe that the motion for summary judgment sought judgment upon the complaint, which did in fact assert a separate count against Blackwelder as guarantor.