# MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Nov 20 2018, 6:21 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

APPELLANT PRO SE

Andrew D. Jackson
Atlanta, Georgia

ATTORNEYS FOR MICHAEL HRINYO, CITY OF WHITING, INDIANA, WHITING CITY COURT, AND THE HONORABLE ANN P. LIKENS

Matthew L. Hinkle
Alex Emerson
Coots, Henke & Wheeler, P.C.
Carmel, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Andrew D. Jackson, Pro Se and as Relator for the State of Indiana,

*Appellant-Plaintiff,*

v.

Florence Kobli; Michael Hrinyo (Personally and not as Whiting Building Commissioner); City of Whiting, Indiana; Whiting City Court; and The Honorable Ann P. Likens (Personally and as

November 20, 2018

Court of Appeals Case No.
18A-CT-750

Appeal from the Lake Superior Court

The Honorable John M. Sedia, Judge

Trial Court Cause No.
45D01-1412-CT-293

Whiting City Court Judge),

*Appellees-Defendants*

**Crone, Judge.**

# Case Summary

Andrew D. Jackson, pro se, filed a complaint against Florence Kobli; Michael Hrinyo, personally and not as Whiting Building Commissioner; the City of Whiting, Indiana ("the City"); Whiting City Court; and the Honorable Ann P. Likens, personally and as Whiting City Court Judge, for alleged personal injuries and violations of constitutional rights and seeking an order of mandate against Whiting City Court and Judge Likens. Hrinyo, the City, Whiting City Court, and Judge Likens (collectively "City Defendants") filed a joint motion for summary judgment, which the trial court granted. Kobli also filed a motion for summary judgment, which the trial court granted. Jackson filed a motion to correct error as to both grants of summary judgment, which the trial court denied. Jackson now appeals, arguing that it was error to grant summary judgment in favor of City Defendants and Kobli. We affirm.

## Facts and Procedural History

At all times relevant to this appeal, Jackson owned property at 1526 Steiber Street ("the Property") in the City. Kobli lived next door to the Property. Hrinyo is the City's building commissioner. In April 2013, the Property was leased to an African-American family. Hrinyo inspected the Property and observed that the roof was missing some material in violation of the City's building code. In May 2013, the City issued Jackson a notice of ordinance violation and initiated proceedings to prosecute the ordinance violation in the Whiting City Court. Judge Likens presided over the matter.[1] In November 2015, Judge Likens found that the Property remained in violation of the building code and entered judgment against Jackson ("the Order").

In November 2015, Jackson filed an amended complaint[2] in the underlying cause containing the following allegations: (1) Kobli tortiously interfered with Jackson's contractual relationship with his tenants and violated his civil rights under 42 U.S.C. § 3617; (2) Hrinyo tortiously interfered with Jackson's contractual relationship with his tenants and violated his rights under 42 U.S.C. § 3617; (3) the City violated Jackson's right to substantive due process and equal protection; (4) the Whiting City Court and Judge Likens exceeded the

---

[1] In March 2014, Jackson filed a complaint with the Indiana Civil Rights Commission alleging that the City, the City's mayor, and Hrinyo discriminated against him on the basis of race in violation of the Indiana Fair Housing Act, the Indiana Civil Rights Law, and the Federal Civil Rights Act. Appellees' App. Vol. 2 at 66. In June 2014, the Commission issued a notice finding that there was "no reasonable cause to believe that an unlawful discriminatory practice occurred in this instance." *Id.*

[2] Jackson filed his original complaint in December 2014, before the Whiting City Court proceedings were resolved.

jurisdiction of the Whiting City Court by continuing to adjudicate the dispute over his alleged building code violation; and (5) Judge Likens violated Jackson's civil rights under 42 U.S.C. § 1983 by continuing to adjudicate the dispute. Jackson's complaint included an action for mandate pursuant to Indiana Code Section 34-27-3-3 against the Whiting City Court Order and Judge Likens.

[4] In February 2016, City Defendants filed a joint motion for summary judgment. In March 2016, Jackson filed a response to the motion for summary judgment ("the 2016 Response"). In April 2016, a hearing was held, during which Jackson moved to amend his complaint to add the language required by Indiana Code Section 34-13-3-5(c) to bring a civil action against a public employee. The trial court denied his motion. Following the hearing, the trial court issued an order granting the City Defendants' summary judgment motion. Specifically, the trial court found the following: (1) the City is entitled to judgment as a matter of law because Jackson failed to file a tort claim notice as required by Indiana Code Section 34-13-3-8; (2) Hrinyo is entitled to judgment as a matter of law because the conditions required by Indiana Code Section 34-13-3-5(c) were not satisfied; (3) the Whiting City Court and Judge Likens are entitled to judgment as a matter of law because they have jurisdiction over all violations of all City ordinances and therefore are entitled to immunity; and Jackson is not entitled to a judgment of mandate because Judge Likens had no absolute duty to immediately cease proceedings.

In September 2017, Kobli filed a motion for summary judgment. Jackson filed a response. In January 2018, the trial court granted Kobli's motion. Jackson filed a motion to correct error, claiming error with regard to summary judgment in favor of all opposing parties. In February 2018, the trial court denied his motion to correct error. This appeal ensued.

## Discussion and Decision

Before turning to the merits of Jackson's arguments, we observe that Jackson opted to proceed pro se, and as a pro se litigant, he "is held to the same standards as a trained attorney and is afforded no inherent leniency simply by virtue of being self-represented." *Zavodnik v. Harper*, 17 N.E.3d 259, 266 (Ind. 2014). Pro se litigants "are bound to follow the established rules of procedure and must be prepared to accept the consequences of their failure to do so." *Basic v. Amouri*, 58 N.E.3d 980, 984 (Ind. Ct. App. 2016). "These consequences include waiver for failure to present cogent argument on appeal." *Id*. While we prefer to decide issues on the merits, where the appellant's noncompliance with appellate rules is so substantial that it impedes our consideration of the issues, we may deem the alleged errors waived. *Perry v. Anonymous Physician 1*, 25 N.E.3d 103, 105 n.1 (Ind. Ct. App. 2014), *trans. denied* (2015), *cert. denied*. We will not become an "advocate for a party, or address arguments that are inappropriate or too poorly developed or expressed to be understood." *Id*.

[7]     In his motion to correct error, Jackson claimed that the trial court erred in granting summary judgment in favor of the City Defendants and Kobli.[3] We review a trial court's ruling on a motion to correct error for an abuse of discretion, and the trial court's decision is afforded a strong presumption of correctness. *Santelli v. Rahmatullah*, 993 N.E.2d 167, 173 (Ind. 2013). Our standard of review of a summary judgment is de novo; we apply the same standard as the trial court and draw all reasonable inferences in favor of the nonmoving party. *Hughley v. State*, 15 N.E.3d 1000, 1003 (Ind. 2014).

> Summary judgment is appropriate only when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. The party moving for summary judgment has the burden of making a prima facie showing that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. Once that showing is made, the burden shifts to the nonmovant to come forward with contrary evidence showing the existence of an issue for the trier of fact. In determining whether the moving party is entitled to summary judgment, we consider only those materials properly designated pursuant to Trial Rule 56 and construe all factual inferences and resolve all doubts in favor of the non-moving party.

*Holmes v. Nat'l Collegiate Student Loan Tr.*, 94 N.E.3d 722, 724 (Ind. Ct. App. 2018) (citations, quotation marks, brackets, and ellipsis omitted). Furthermore,

---

[3] It is difficult to understand Jackson's arguments in his motion to correct error. He seems to argue that the trial court engaged in impermissible fact-finding depriving him of his right to a jury trial. We interpret this as an argument that summary judgment was improper because there are genuine issues of material fact, and therefore proceed directly to addressing Jackson's arguments regarding the summary judgment orders.

"the trial court's judgment arrives on appeal clothed with a presumption of validity, and the challenging party bears the burden of proving that the trial court erred in determining that there are no genuine issues of material fact and that the moving party was entitled to judgment as a matter of law." *Kramer v. Catholic Charities of Diocese of Fort Wayne-S. Bend, Inc.*, 32 N.E.3d 227, 231 (Ind. 2015) (quoting *Williams v. Tharp*, 914 N.E.2d 756, 762 (Ind. 2009)).

Here, the trial court issued findings of fact as part of its summary judgment order. "Special findings are not required in summary judgment proceedings and are not binding on appeal." *Warren v. Warren*, 952 N.E.2d 269, 273 (Ind. Ct. App. 2011). However, the trial court's special findings offer valuable insight into its rationale and therefore help facilitate our review. *Id*.

## Section 1 – The trial court did not err in granting summary judgment to City Defendants.

Jackson raises three challenges to the trial court's order granting the City Defendants' motion for summary judgment. As best we can understand, his first argument appears to be that summary judgment was improper because there are genuine issues of material fact. Despite how important it is to this argument, Jackson failed to provide any facts in his statement of the facts in contravention of Indiana Appellate Rule 46(6). Rather, he reproduces a list of ten questions from his 2016 Response, which he says he designated as material issues of fact. Appellant's Br. at 15-16 (citing Appellant's App. Vol. 2 at 22-23). However, designating questions of fact does not equate to designating evidence that establishes a question of fact. Jackson does not direct us to any actual

evidence. Jackson states that in his 2016 Response, he referenced ten exhibits and a supporting affidavit, but he failed to include these in his appellant's appendix. Therefore, Jackson has failed to carry his burden to show that there are genuine issues of material fact. *See CFS, LLC v. Bank of Am.*, 962 N.E.2d 151, 153 (Ind. Ct. App. 2012) ("Trial Rule 56(H) specifically prohibits this Court from reversing a grant of summary judgment on the ground that there is a genuine issue of material fact, unless the material fact and the evidence relevant thereto shall have been specifically designated to the trial court.").

[10] Jackson's second argument is that the trial court erred in concluding that he was required to file a tort claim notice against the City and Hrinyo as required by Indiana Code Section 34-13-3-8. He seems to argue that the statute does not apply to his claims against the City and Hrinyo because he was asserting a constitutional injury against the City and he was suing Hrinyo in his personal capacity. However, other than directing us to nineteen paragraphs in his response, he does not expound on this argument. Therefore, it is waived. *See Romine v. Gagle*, 782 N.E.2d 369, 386 (Ind. Ct. App. 2003) ("A party generally waives any issue for which it fails to develop a cogent argument or support with adequate citation to authority and portions of the record."), *trans. denied*; Ind. App. Rule 46(A)(8)(a) ("The argument must contain the contentions of the appellant on the issues presented, supported by cogent reasoning."); *see also Dave's Excavating, Inc. v. City of New Castle*, 959 N.E.2d 369, 376 (Ind. Ct. App. 2012) (stating that appellant may not incorporate argument from another source by reference), *trans. denied*.

Third, Jackson asserts that the trial court erred in concluding that he is not entitled to a judgment of mandate. In support, Jackson either directs us to paragraphs in his 2016 Response or reproduces paragraphs from his 2016 Response. Jackson fails to present a cogent argument, and therefore it is waived. *See Romine*, 782 N.E.2d at 386. Based on the foregoing, we affirm summary judgment in City Defendants' favor.[4]

## Section 2 – The trial court did not err in granting summary judgment to Kobli.

In granting Kobli's motion for summary judgment, the trial court found that Kobli had met her initial burden to show the absence of any genuine issue of material fact and Jackson had not "come forward with contrary evidence showing an issue for the trier of fact." Appellant's App. Vol. 2 at 84. On appeal, Jackson asserts that it should be "apparent" from his complaint and his 2016 Response that his account of "the truth" varies considerably from that of Kobli.[5] Appellant's Br. at 20-21. Jackson continues to ignore the necessity of

---

[4] Jackson also contends that the trial court erred in denying his motion to amend his complaint to add the language required by Indiana Code Section 34-13-3-5(c) to bring a civil lawsuit against a public employee personally. We need not address his contention because the trial court concluded that the requirements of Code Section 34-13-3-5(c) had not been met, and therefore any error would be harmless.

[5] Because Kobli has not filed an appellee's brief, we may reverse if Jackson "establishes prima facie error, which is error at first sight, on first appearance, or on the face of it." *Jenkins v. Jenkins*, 17 N.E.3d 350, 351-52 (Ind. Ct. App. 2014).

designating contrary evidence. *See CFS*, 962 N.E.2d at 153. Accordingly, we find no error and affirm summary judgment in Kobli's favor.[6]

[13] Affirmed.

Najam, J., and Pyle, J., concur.

---

[6] After the trial court granted summary judgment in favor of City Defendants, Jackson moved to amend his complaint to add a plaintiff. After a hearing, the trial court denied his motion. Jackson argues that the trial court erred in denying his motion. Because we affirm summary judgment in favor of Kobli, we need not address this issue.