# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| M&T BANK, | ) | |
| | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No: S19L-09-011 MHC |
| | ) | |
| VIRGINIA POORE, | ) | |
| | ) | |
| | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Submitted: September 20, 2022
Decided: November 22, 2022

*Upon Consideration of Plaintiff's Motion for Summary Judgment,* **GRANTED.**
*Upon Consideration of Defendant's Motion for Summary Judgment,* **DENIED.**

John E. Tarburton, Esquire, Orlans PC, Wilmington, Delaware, *Attorney for Plaintiff.*

James J. Woods Jr., Esquire, Grady & Hampton, LLC, Dover, Delaware, *Attorney for Defendant.*

**CONNER, J.**

This is a mortgage foreclosure case. Upon consideration of the Motions for Summary Judgment filed by M&T Bank ("Plaintiff") and Virginia Poore ("Defendant") and the facts, arguments, and authorities set forth by the parties the Court finds as follows:

1. On March 28, 2006, Defendant executed a mortgage and note to Wilmington Trust. Defendant borrowed $80,000 through a home equity loan which was secured by the mortgage property located at 325 Canal Court, Bethany Beach, Delaware 19930.

2. The exact dates are unknown, but at some point after Defendant executed the mortgage with Wilmington Trust, Defendant's grandson, Brandon Hottes, forged Defendant's signature on checks from the Wilmington Trust home equity loan account. When Defendant spoke with Hottes about the fraud, he admitted to forging checks with at least one being for $5,000.[1] Hottes is unsure of the number of checks he forged and how much money he stole.[2] Hottes was later incarcerated for an unrelated offense in October 2010.[3] Defendant never reported Hottes' forgeries and thefts regarding the account to either Wilmington Trust or the police.[4]

---

[1] Affidavit of Brandon Hottes.
[2] *Id.*
[3] Affidavit of Daniel Conway, Esq.
[4] *Id.*

3.    Wilmington Trust subsequently merged with Plaintiff and the entire account was assigned to Plaintiff on October 14, 2011.

4.    On September 12, 2019, Plaintiff filed a *scire facias sur* mortgage action demanding the outstanding principle of $79,451.91 plus interest and fees. The complaint alleges that Defendant failed to pay the monthly installments of the mortgage. Defendant answered the complaint on October 15, 2019.

5.    A *scire facias sur* mortgage action "is an *in rem* proceeding used to foreclose on a mortgage".[5] Delaware Law only recognizes three possible defenses to a *scire facias sur* mortgage action: payment, satisfaction, and plea in avoidance.[6] A plea in avoidance challenges the validity of "the original mortgage sued upon."[7] Pleas in avoidance include, "an act of God, assignment of cause of action, conditional liability, discharge, duress, exception or proviso of statute, forfeiture, fraud, illegality of transaction, nonperformance of condition, precedent, ratification, unjust enrichment, and waiver."[8]

6.    As the movant, Plaintiff has the initial burden of demonstrating that there are no genuine issues of material fact. The Court has reviewed all of the documents submitted by Plaintiff and Defendant and cannot find anything that

---

[5] *JPMorgan Chase Bank v. Hopkins*, 2013 WL 5200520, at *2 (Del. Super. Sept. 12, 2013).
[6] *Id.*
[7] *LaSalle Nat'l Bank v. Ingram*, 2005 WL 1284049, at *1 (Del. Super. May 19, 2005).
[8] *Shrewsbury v. The Bank of New York Mellon*, 160 A.3d 471, 475 (Del. 2017) (quoting *Gordy v. Preform Bldg. Components, Inc.,* 310 A.2d 893, 895-96) (Del. Super. Aug. 13, 1973)).

creates a genuine issue of material fact. Plaintiff has provided the document proving assignment of the mortgage and note from Wilmington Trust to Plaintiff. A successor bank after a merger can enforce the note and mortgage of the predecessor.[9] Pursuant to 12 *U.S.C.* § 215a(e) banking associations participating in a merger shall be deemed the same corporation as each banking association participating in the merger and all rights, franchises, and interests shall be transferred to the receiving association. Accordingly, the successor bank after the merger acquires the rights of the predecessor bank.[10] Plaintiff acquired the right to act and subsequently foreclose on Defendant's account. Defendant does not contest that she entered into a mortgage and note with Plaintiff's predecessor, Wilmington Trust.[11] Plaintiff has met its burden on this issue. Once the movant has met its burden, the party opposing summary judgment must come forward with admissible evidence, other than mere denials, showing the existence of a genuine issue of fact.[12]

7. Defendant has not demonstrated an existence of a genuine issue of fact. Further, Defendant has not raised any cognizable defenses. Defendant attempts to assert a plea in avoidance due to Hottes' forgeries and thefts. However, pursuant to 6 *Del. C.* § 4-406, it is the customers responsibility to exercise reasonable

---

[9] *CFS, LLC v. Bank of Am.*, 962 N.E.2d 151 (Ind. Ct. App. 2012).
[10] *Id.* at 154.
[11] Answer § Defenses ¶ 1.
[12] *Kennedy v. Giannone*, 527 A.2d 732, 732 (TABLE) (Del. 1987) (citing *E.K. Geyser Co. v. Blue Rock Shopping Center, Inc.*, 229 A.2d 499, 501 (Del. Super. 1967)).

promptness in examining their statements and to notify the bank of any unauthorized payment or use of the account. Defendant received numerous monthly statements alerting her to the balance she incurred on the account. It is clear Defendant breached her duty by failing to report Hottes' activity to the bank and the police. Common sense dictates that a borrower cannot profit from failing to report fraudulent activity and then later deny use of the funds.

8.    Essentially, Defendant attempts to merely deny she did not use the funds from the equity line and should not be responsible for paying back the money. What Defendant misses is her claim of fraud by Hottes is not relevant fraud. The fraudulent activity must have occurred on the part of the lender at the time of the initial mortgage transaction.[13] The fraudulent activity cannot be something that occurs afterwards such as the thefts by Defendant's grandson.

9.    Defendant also moved for summary judgment but her motion must be denied. As previously stated, Plaintiff is able to satisfy its burden of proving no genuine issues of material fact exist. Plaintiff has proven that Defendant is indebted to it and Defendant does not deny that the mortgage exists.[14] Defendant's attempted defense of plea in avoidance has no merit for the reasons stated in this opinion.

---

[13] *La Salle*, 2005 WL 1284049, at *2.
[14] Answer § Defenses ¶ 1.

10. Plaintiff is entitled to summary judgment. There is no dispute as to any material fact and Defendant cannot establish any cognizable defenses. Plaintiff is the valid assignee of the mortgage and is entitled to enforce the underlying note.

**NOW, THEREFORE,** this 22 day of November 2022, Plaintiff's Motion for Summary Judgment is hereby GRANTED and JUDGMENT is entered in favor of Plaintiff M&T Bank.

**IT IS SO ORDERED.**

/s/ *Mark H. Conner*

Mark H. Conner, Judge

cc: Prothonotary

5